Plummer
v.
McKean &
McKean.

---

JORDAN v. LEWIS.

1. A note for a sum certain, payable at a future day, which may be discharged by the payment of a lesser sum *at an earlier day,* is valid, and the larger sum is not penalty.
2. Nor is such note upon its face usurious.

THIS was an appeal from the decision of a justice of the peace of Pickens county, in a suit in which Moses Lewis was plaintiff, and W. Jordan, defendant. The action was on a note, as follows:

"Springfield, July 30, 1825. On or before the 25th December, 1829, I promise to pay Moses Lewis, or bearer, forty-one dollars and twenty-five cents, for value received. If paid October 1st, thirty-three dollars is to satisfy this note.

WILLIAM JORDAN."

Judgment by default was given for the plaintiff at the April term, 1828, of Pickens Circuit Court, for $42 25, and interest, &c.

JANUARY 1830

Jordan
v.
Lewis.

Jordan, in this Court, assigns for error, that the judgment should have been for $33 only, and interest, and that all over that amount was penalty and not recoverable.

Rose, for the plaintiff in error, cited the case of *Henry & Winston v. Thompson*, Minor's Alabama Reports, 209, and submitted the cause.

R. K. Anderson, for the defendant.

By JUDGE CRENSHAW. In support of the assignment of error, the case of *Henry & Winston v. Thompson*,[a] is relied on inh te brief. The several cases of a kindred class, decided at the same time with the one cited, were on four several descriptions of notes; 1st. To pay the principal at a future day, and if not punctually paid, then to pay interest at the rate expressed; 2d. To pay the principal at a future day, with interest at the rate expressed from the date; 3d. To pay the principal at a future day, with the interest expressed, without stating the time from which or to which it was to run; 4th. To pay the principal at a future day, with interest from the maturity of the note. Also in the cases of *Dinsmoor v. Hand*,[b] and of *Fugua, & Hewit v. Carriel & Martin*,[c] the contracts were for the payment of money at a future day, and if not punctually paid, to bear interest from the date. But the note in the case under consideration, does not fall within any of these descriptions, and consequently is not settled by the principle of decision recognized in those cases. To pay a sum of money at a day certain, but which may be discharged by the payment of a less sum at a previous day, has no similitude to any of the cases enumerated. The case at bar, then, is clearly distinguishable from all these cases. The substance of the contract is to pay $41 25 cents, at a future day, but if paid nearly three months before the day, the payee will accept of $33 in lieu of his debt. This was a benefit to both parties, and therefore not penalty; a benefit to the payee to receive his money before it was due, and a benefit to the payor in discharging the debt by the payment of a less sum.

It has been determined in this Court by many adjudications, and is now conceded, that where, by the terms of the

contract, the payment of a less sum is intended to be secured by the payment of a greater sum, the less sum will be considered as the debt, and the greater as penalty; but this is on the supposition, that both are payable at the same time, or at least that the less is not payable before the greater becomes due.

For the same reasons that we cannot infer, from the face of the contract, that the $41 25 is not penalty, we also infer that it is not usury.   Usury is a corrupt agreement to receive more than 8 per cent. for the loan or forbearance for one year; but in the present case, the agreement is not to receive more, but less than the legal rate of interest, if the debt be paid a considerable time before it becomes due.

For these reasons, a majority of the Court are for affirming the judgment of the Circuit Court.

By JUDGE SAFFOLD.   I am constrained to dissent from the opinion of a majority of the Court, as expressed in this case;   Most of the reasons I gave in my dissenting opinion, filed in the case of *Plummer v. McKean & McKean,* during the present term, are the same by which I am now governed.[a]

The contract was to pay a certain sum on a given day, which might be discharged by the payment of about four fifths of the amount a few months earlier.   The interest that could accrue between the different periods appointed for the payment on either sum, could not exceed one eighth of the difference in amount.   The principle sustained by a majority is, that immediately on the failure to pay the less sum on the earliest day, the larger sum became the true debt, and was absolutely recoverable after the last day appointed for the payment.

The obligation for the greater sum was evidently a penal stipulation, to secure the earlier payment of the less sum. If the recovery is sustainable for the larger amount in this case, the same principle would sanction the recovery of any sum under a contract, to pay so much twelve months after date, which might be discharged by half the sum in six months.   I conceive it utterly impossible to distinguish the cases, either in principle, or on authority; and that the doctrine of this decision entirely removes all restraint against the collection of penalties or usury.

Judgment affirmed,

Judges Taylor and Perry also dissenting.