## CARTER vs. CORLEY, use &c.

1. The act of 1839 authorizing relinquishments of dower by deed of husband and wife, attested by two witnesses, (Clay's Digest 174 § 10,) embraces femes covert who reside out of the State as well as residents.

2. A tender by the vendor of a deed signed by himself and wife, and attested by two witnesses, is sufficient ; it is the duty of the vendee to have it probated, if he wishes it.

3. When an attesting witness to a deed subsequently acquires an interest in the note given for the purchase money, this does not affect the validity of his attestation.

4. When a note is payable at a specified day for a sum certain which may be discharged by the payment of a less sum at an earlier day, the greater sum is not in the nature of a penalty, but is the debt actually due, and is recoverable if the less sum is not paid according to the terms of the note.

ERROR to the Circuit Court of Tallapoosa.

Tried before the Hon. ROBERT DOUGHERTY.

ASSUMPSIT by Elijah Corley, for the use of William Townes, against David Carter, on a note which is copied in the opinion. The plea was the general issue, with leave to give any special matter in evidence.

On the trial, the plaintiff read the note in evidence to the jury, and then introduced a patent from the United States to himself for the land mentioned in the note, and a deed for the same land from himself and wife to defendant, attested by two witnesses. He also proved that the defendant had gone into the possession of said land, and still retained it; that he tendered said deed to the defendant, and demanded the purchase money specified in the note; and that defendant objected to receiving said deed in the form in which it was written and signed, and with the probate thereon endorsed, and refused to pay said money.

The defendant then proved that said plaintiff resided in the State of Georgia at the date of said deed, when and where it was executed, and that he had departed this life in said State about nine months before the trial; that William Townes, one of the attesting witnesses to the deed, who proved its execution, is the person for whose use this suit is brought.

This was all the evidence in the cause, and the defendant asked the court to charge the jury, first, that, if they believed all the evidence, plaintiff could not recover; and secondly, that, if plaintiff was entitled to recover at all, he could not recover more than one hundred and twenty-five dollars, with interest from January 1, 1851. The court refused these charges, and instructed the jury, that, if they believed the whole evidence, plaintiff was entitled to recover one hundred and fifty dollars, with interest from January 1, 1851.

The defendant excepted to the refusal of the court to charge as requested, and to the charge given, and he now assigns them for error.

BELSER & RICE, for plaintiff in error .

Carter contracted with Corley for a full title, which means a perfect one.—Parks v. Brooks, 16 Ala. 537 ; 1 Sugden on Vendors 340. Dower is an incumbrance on land, and where it is not properly relinquished, the vendee has not a perfect title.— A full title is subject to no contingency within the range of probability.—16 Ala. 538, supra ; Porter v. Noyes, 2 Green. 22 ; Clarke v. Redman, 1 Black 379 ; 11 Johns. 525 · 8 Ala. 373.

The deed is not executed according to the form required by

our laws for the conveyance of real estate, being made out of Alabama and by non-residents. Under such an instrument the fee does not pass.—Oakey v. Bennett, 11 Howard's U. S. R. 46. Mrs. Corley's dower was not properly relinquished. The act of 1839 does not apply to conveyances made out of the State, but the act of 1840 does. Townes, for whose use the suit was brought, and who proved the execution of the deed, was not a credible attesting witness within the meaning of the act, because of his interest in the cause.—Clay's Digest 174 § § 9, 10, 11.

The attempted probate of the deed is void ; it is without form or substance, and shows no sealing or delivery of the deed.

LEFTWICH, *contra :*

A note for a sum certain, payable at a future day, which may be discharged by the payment of a less sum at an earlier day, is valid, and the larger sum is not penalty.—Gordon v. Lewis, 2 Stewart 426.

The patent was properly admitted in evidence.—Hines v. Greenlee, 3 Ala. 73.

The deed was executed precisely in the mode pointed out by statute.—Clay's Digest 174 § 10.

The execution of the deed, when properly made, operates as a bar, and not the registration of it.

PHELAN, J.—Corley (use of Townes) sued Carter on the following note :

" On the 1st of January, 1850, I promise to pay Elijah Corley, or bearer, the sum of one hundred and fifty dollars for value received. but if paid the first day of January next, one hundred and twenty-five dollars, it being for land, when I get a full title to the north-east quarter of section nine, in township twenty-two, of range twenty-one, this, 30th day of March, 1849.        (Signed)        DAVID CARTER."

The defence set up against the payment of this note, that the wife's dower was not properly relinquished to the land for which it was given when the deed was tendered, cannot be supported.— The deed purports on its face to have been executed by the wife, together with her husband, in the presence of two witness-

es, and no question was made respecting the genuineness of the signatures either of the grantors or the witnesses.  This, by the act of 1839, (Clay's Digest 174 § 10,) makes the relinquishment valid and the bar of dower complete; for the statue says, "*any* feme covert."  That statute was evidently passed to facilitate relinquishment of dower to lands in this State, and embraces as well *femes covert* residing out of this State as those residing in it.  It intended that a man living in Alabama, who wished to purchase a tract of Alabama land, of a married man residing out of the limits of the State, might (if he saw proper) carry his witnesses with him, who might attest the deed in the foreign State, and prove its execution before the tribunals of Alabama, either for record or any other purpose.

The probate of the deed which was made before Ware, the Alabama justice of the peace, and which was endorsed on the deed at the time it was tendered, was too defective to amount to such a certificate of probate as the law requires; but the grantor was under no obligation to furnish a probate.  If the deed was signed by himself and wife, and attested by two witnesses, that was sufficient on his part; that made in law a valid deed from husband and wife.  If the grantee wanted it put on record, it was his business to have that done, by calling the witnesses and making the proof for his own benefit.

Although the suit is brought for the use of Wm. Townes, who is one of the attesting witnesses to the deed which Corley and his wife signed, it does not appear that he had any interest at the time he attested the deed; and if not, an interest subsequently acquired in the note given for the purchase money, could not affect the validity of his previous attestation.  The grantee in the deed had an interest in that act, and in his testimony to it, if required afterwards, which he had no power to destroy even if he desired to do so.—3 Phillip's Ev. 1266 *et seq.*

We have heretofore decided, that in a note made after this form, where a greater sum may be discharged by the payment of a less sum at an earlier day, the greater sum will not be considered in the nature of a penalty, but the debt actually due, and is recoverable if the less sum be not paid according to the terms of the note.—Jordan v. Lewis, 2 Stew. 426.

There was no error in the charge given, or in the refusal to charge as requested, and the judgment below is affirmed.