# Pulliam *et al.* v. Hicks.

### *Bill for Foreclosure of Mortgage, and Cross Bill to Cancel Same.*

(Decided December 20, 1901.)

1. *Husband and wife; wife as surety for husband's debt; presumption from position of names on mortgage.*—On a bill filed by a wife to cancel a mortgage on her lands on the ground that it was given to secure her husband's debt, no presumption, either of law or fact, that the husband was the principal and the wife his surety, arises from the fact that the husband's signature appears first to the mortgage and note.

2. *Same; burden of proof as to suretyship.*—Where a note and mortgage appear on their face to be the joint obligation of husband and wife, the burden is on the wife (where she claims that the mortgage is void because given to secure her husband's debt) to prove that she was surety for her husband.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. RICHARD B. KELLY.

Bill for the foreclosure of a mortgage executed by W. C. Pulliam and Maria Pulliam to Hicks, Lee & Co., a firm composed of T. A. Hicks, A. B. Lee and J. E. Heard, and transferred to T. A. Hicks, the complainant. The defendant Maria Pulliam filed a cross-bill, alleging that said mortgage was given on her property to secure her husband's debt, and praying a cancellation thereof for this reason. Hicks, Lee, Heard and one Slaughter all testified that the consideration of the mortgage was money loaned to Maria Pulliam to pay for the land mortgaged. W. C. and Maria Pulliam denied this, and testified that the mortgage was given to secure the husband's debt.

From a decree foreclosing the mortgage defendant Maria Pulliam appeals.

J. A. TERRELL, for appellant.

T. L. BULGER, for appellee.

TYSON, J.—The question involved on this review is one of fact. It is whether the mortgage sought to be foreclosed by the original bill and to be cancelled by the cross-bill of Mariah Pulliam was made to secure the debt of W. C. Pulliam, the husband. The note and mortgage purport to be the joint obligations of both Mariah and her husband. The fact that the husband's name appears to have been subscribed first and the wife's last is of no significance. No presumption, either of law or fact, can be indulged on that account, that he was the principal and she the surety.—*Summerhill v. Tapp*, 52 Ala. 227. The note and mortgage appearing on their face to be the joint obligation of the two, the burden was on the wife to show that she executed them as surety for her husband. We are of the opinion that she has failed to discharge the burden.

Affirmed.