# Robbins, *et al. v.* Brown, *et al.*

*Bill to Redeem From Sale Under Power.*

(Decided May 28, 1907. 44 South. 663.)

1. *Mortgages; Redemption; Who May Redeem.*—Under Section 3505, Code 1896, a redemption may be had from a remote vendee of the purchaser at a mortgage foreclosure sale by one having the right of redemption. (TYSON, C. J., and McCLELLAN, J., dissent.)

2. *Same.*—Where the husband and wife mortgaged land occupied by them as a homestead, to secure their joint note, the consideration of which was received by the husband alone, upon a foreclosure of the mortgage after the husband's death the wife has no right of redemption, the legal title being in him, and hence, her vendee, acquires none.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Lewis Brown and others by next friend against James S. Robbins and others to redeem from foreclosure sale. From a decree for complainant respondents appeal. Affirmed.

ERVIN & McALEER, for appellant.—Courts cannot make contracts for parties but can only construe those that have been made.—*Mobile B. & L. Asso. v. Roberts*, 65 Ala. 386. To be good a tender must be unconditional.—*Commercial F. I. Co. v. Allen*, 80 Ala. 579. A mortgage and note in the joint name of husband and wife imports a joint debt.—*Pulliam v. Hicks*, 132 Ala. 134. Either one of several joint owners may redeem.—*Leh-*

*man-Durr Co. v. Moore,* 93 Ala. 188. One holding a mortgage is estopped to deny the right of one of the mortgagors to redeem.—*Hardan v. Collins,* 132 Ala. 402. A person exercising the redemption under the statute is not properly described as a vendee of the person from whom he redeemed.—*Owen v. Kilpatrick,* 96 Ala. 425. No one can redeem except a person to whom the right is given, nor can the right be exercised against one except he be designated by statute.—*Powers v. Andrews,* 84 Ala. 291; *Owen v. Kilpatrick, supra; Chambers v. Pollack,* 39 South. 316; *Wallace v. Markstein,* 40 South. 202

D. B. COBBS, for appellee.—Counsel discusses assignments of error but cites no authority.

DENSON, J.—The bill is exhibited by the heirs at law of Lewis Brown, deceased, minors, by their next friend and legal guardian, Nicholas Caffey, against James S. Robbins and George X. Herman, to redeem certain real estate in the city of Mobile which had been sold under the power contained in a mortgage. The bill shows that the real estate was the property of Lewis Brown; that he and his wife, with their children (complainants), occupied the premises as a homestead; that, while Brown was so in possession and the owner of said real estate, he, joined by his wife, on the 3d day of December, 1897, executed a mortgage on said property to one James T. Peterson to secure the payment by said Brown to said Peterson of the sum of $71 and jointly with his wife made a promissory note for said amount, payable six months after date. The note and mortgage were assigned by Peterson on the 4th day of December, 1897, to Walter T. Woods. The mortgage provided that Brown should remain in possession until default in pay-

ment of the note occurred, and allows the mortgagee or his assignee to purchase at the sale made under the power, and provides that a deed may be made to the purchaser at the sale by the auctioneer. A foreclosure sale was made, the same being in all respects regular and in accordance with the power contained in the mortgage. At the foreclosure sale the assignee, Woods, became the purchaser, and received a deed from the auctioneer. The sale was made on the 13th day of May, 1901, and the deed by the auctioneer was executed on the 14th day of May, 1901. Lewis Brown, the mortgagor, died intestate on the 29th day of October, 1899, leaving his wife, Lou Ellen Brown, and his children, the complainants, surviving him. No administration has been sued out on the estate of the deceased.

The bill shows that within the redemption period the purchaser at the sale sold and conveyed the lands to D. B. Cobbs, that Cobbs sold and conveyed to R. T. Ervin, and that R. T. Ervin sold and conveyed to the respondents, who are in possession of the property as tenants in common. The material allegations of the bill, except as to the tender, are admitted by the respondents in their answer, and, aside from the question of tender, they resist the right of the complainants to redeem on two propositions: First, the respondents are neither the purchasers nor the vendees of the purchaser at the sale; and that therefore, under the statute, no right to redeem from them exists in the respondents. The argument is that the statute (section 3505 of the Code of 1896) clearly sets forth from whom redemption may be made, viz., the purchaser at the sale or his vendee, that Woods was the purchaser, and that Cobbs was his vendee. This position and argument limits the word "vendee" to the immediate purchaser from the purchaser at the sale, so that any one purchasing from Cobbs could not be said

to be the vendee of the purchaser at the sale, within the meaning of the statute. This is, indeed, a strict construction of the statute; and if, as in this case, there should be a sale by the immediate vendee of the purchaser at the sale, the right of redemption, though asserted within the time and by the proper person, would, under the appellants' construction of the statute, be cut off. In other words, to keep the statutory right to redeem intact, there should be only one sale of the property after the foreclosure sale; and if the immediate vendee of the purchaser (though redemption might be had from him) should find a purchaser and sell to him, the statutory right to redeem, could not be asserted against such last mentioned purchaser, because he is not the vendee of the purchaser at the sale. Thus, by the act of Cobbs, the immediate vendee of the purchaser, and not by anything that these complainants did, they were estopped or cut off from redeeming from the respondents. To confine the word "vendee" in its meaning to the person to whom Woods, the purchaser at the mortgage sale, conveyed, would, it seems to us, be sticking in the bark and leaving the heart of the statute out of view. We cannot think that the Legislature, in the use of the word "vendee' in the statute, intended to restrict it to the person to whom the purchaser at the sale conveyed; but, on the contrary, we are of the opinion, and so hold, that it was the intention of the lawmakers to include all derivative purchasers, and that the bill is properly filed against the respondents.

The answer shows that Lou Ellen Brown was a joint debtor with her husband in the execution of the note and mortgage; that respondents bought from her her right of redemption; that they then employed R. T. Ervin to redeem the property for them from D. B. Cobbs. Lou Ellen Brown did execute to the respondents, on the 18th

of April, 1902, a deed to the premises, upon the recited consideration of $300, though it is conceded that the true consideration was only $50. Cobbs, on the 21st of April, 1902, executed a quit claim deed to Ervin; and Ervin and his wife, on the 30th of April, 1902, executed a quitclaim deed to the respondents. Whether or not it was made known to Cobbs that Ervin was acting for the respondents is a disputed question; but from the view we take of the case it was immaterial whether such information was given Cobbs or not. The insistence of the respondents on these facts is that Mrs. Brown, as a joint debtor, had the right to redeem from Cobbs; that they, having purchased her right, redeemed from Cobbs; and that the heirs of Brown are cut off from redeeming the property from them. Conceding that a note given jointly by the husband and wife imports a joint obligation of the husband and wife (*Pulliam v. Hicks*, 132 Ala. 134, 31 South. 456), yet parol testimony is competent to show that the debt was that of the husband alone; and the undisputed evidence here shows that the husband borrowed the $71 for which the note was given, and that the wife received no part of it.—*Compton v. Smith*, 120 Ala. 233, 25 South. 300. The evidence also shows that the legal title to the premises was in the husband at the time of the exectuion of the mortgage and at the time he died. In view of these facts, Mrs. Brown was, according to previous decisions of this court, without any right to redeem, and her deed to the respondents did not impart to them nor clothe them with any such right, and cannot avail them anything.—*Walden v. Speigner*, 87 Ala. 379, 6 South. 81.

In respect to the tender, it is insisted that it was a conditional one. The averments of the bill do not show a conditional tender, and, notwithstanding the money was advanced by one Carney with which to make the ten-

der, it was offered unconditionally to the respondents. They decided to accept it, and it was paid to the register unconditionally, and is held by him in that way. True, Carney was made a party to the bill, and the bill prayed that the loan to the complainants be ratified, and such decree rendered as might be necessary to protect his interest. But a demurrer to the bill, on the ground that Carney was an improper party, was sustained, and he was stricken out by amendment. We hold that the insistence that the tender was a conditional one is without merit.

There was a controversy between the parties as to the tender being in the proper amount, and it was referred to the register to ascertain the proper amount due the respondents. The register reported that the amount tendered was a little in excess of the correct amount due. No exceptions were filed to the report of the respondents, nor is there here any insistence by the respondents that the proper amount was not tendered, so we pass this phase of the question without further consideration.

We have noticed all the points pressed by the appellants in their brief, and upon the whole case we conclude that the decree of the chancellor allowing the respondents to redeem should be affirmed.

Affirmed.

HARALSON, DOWDELL, SIMPSON, and ANDERSON, JJ., concur.

TYSON, C. J., and MCCLELLAN, J.—We cannot concur in the holding that the heirs of the mortgagor may maintain this bill against the subvendee of the purchaser, because the statute limits the redemption from "the purchaser or his vendee." Under the uniform rulings of this court, unless the person occupies the relation to-

16 R

wards the property sought to be redeemed designated by the statute, the privilege conferred by the statute cannot be exercised. In other words, unless the persons belongs to the class named in the statute, the remedy being purely statutory, it cannot be exercised by him as against the person not so named. A vendee of the vendee of the purchaser is not the purchaser's vendee. "Ita lex scripta est." It is our duty to declare the law as written, not to make it. "Jus dicere, et non jus dare."