## Interstate Bank *v.* Wesley.

*Bill to Cancel Mortgage as Security for Husband's Debt.*

(Decided June 29, 1912. 59 South. 621.)

*Husband and Wife; Debt of Husband; Security of Wife.*—Where the wife files a bill to cancel a mortgage on her lands because the same was given to secure a debt of the husband, (as being void under sec. 4497, Code 1907) she has the burden to show that the debt was the separate debt of the husband, and not the joint obligation of both; the majority of the court holding in the present case that the wife has discharged the burden so assumed.

(Anderson, J., dissenting.)

APPEAL from Geneva Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Mrs. E. C. Wesley against the Interstate Bank to cancel a mortgage on her land, because given as security for the debt of her husband. From a decree granting relief respondent appeals. Affirmed.

C. D. CARMICHAEL, for appellant. The bill as amended was not proven and there was a variance as to the date of the alleged mortgage. The burden is on the wife to show that the mortgage was given to secure the debt of the husband, and that it was not the joint obligation of both of them, or that the money was not loaned to her.—*Sample v. Guyer*, 143 Ala. 613; *First Nat. Bank v. Moragne*, 128 Ala. 157; *Amer. F. L. Co. v. Thornton*, 108 Ala. 258; *Hamil v. Amer. F. L. M. Co.*, 127 Ala. 90; *Gafford v. Speaker*, 125 Ala. 498; *Lundsford v. Harrison*, 131 Ala. 263; *Hollingsworth v. Hill*, 116 Ala. 184; *Mohr v. Griffin*, 137 Ala. 456; *Gibson v. Wallace*, 147 Ala. 322.

W. O. MULKEY, for appellee. While the burden is on the wife to show that the debt was the debt of the husband, the question here is largely one of fact, and under the facts in this case, it appears that the wife has sufficiently carried the burden.—*Campbell v. Hughes*, 155 Ala. 600; *Freed v. Hooper*, 169 Ala. 600, and authorities cited in brief of appellant.

McCLELLAN, J.—Bill by the wife (appellee) to cancel a mortgage upon her lands, upon the averred theory that the debt (to the appellant bank) it was given to secure was the debt of her husband, and hence void under the letter of Code, § 4497.

From the face of the instrument, it appears that the indebtedness in question was the joint obligation of both complainant and her husband, E. J. Wesley.

The burden of proof was assumed by complainant, and was upon her, to establish the invalidity, of the mortgage according to the theory stated.

Upon reconsideration of the entire legal evidence on the issue, our conclusion is that the plaintiff *has* dis-

charged the burden so assumed; that the debt for which the mortgage was given was not, in any part, the debt of the complainant.

The decree of the chancellor is therefore affirmed.

Affirmed.

SIMPSON, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur. ANDERSON, J., dissents. DOWDELL, C. J., not sitting.

ANDERSON, J.— (dissenting.)—Where a mortgage upon the separate property of a married woman, which shows upon its face that it was made to secure a debt to the mortgagee by the married woman, as principal, and not as surety for her husband, is sought to be avoided and annulled by the wife, although she admits the execution of the mortgage, upon the ground that she executed it and the note which it was given to secure as surety for the husband, the burden of proving that the debt secured by the mortgage was the debt of her husband, and that she was surety in the execution of the instrument, is upon the wife. And, in order to overcome the adverse inferences indulged against her on account of the recitals of the mortgage, the proof should be clear and convincing; and in determining the weight and sufficiency of the evidence it is proper to consider her acts and conduct subsequent to the execution of the mortgage assailed, not as a ratification, but for the purpose of determining what credit or weight, if any, should be given her testimony. And this observation is likewise applicable to the testimony of her husband. —*Gafford v. Speaker,* 125 Ala. 498, 27 South. 1003.

The question in this case is: Was the loan made to the wife or to her husband? The wife executed the mortgage as principal, and renewed the same by a sec-

ond mortgage, which she executed in the same capacity. It is true the loan was negotiated by the husband; but he at the time exhibited the deeds to the property, and which showed the title to be in the wife, and stated, that they wanted the money to make improvements on the wife's land, and to use in the wife's millinery business. It also appears that the amount loaned was deposited to the credit of the wife alone after the execution and return of the mortgage, and the bulk of same was drawn out through checks drawn by the wife, and the signature to which was the same as her signature to the mortgage; and she admitted signing the mortgage. It is true that a few checks were signed by the wife per her husband, but if he was not authorized to do this the bank would only be liable to her for so much as was paid out upon these unauthorized checks; but this fact did not, of itself, show that the loan was not made to the wife. The foregoing facts are sworn to both by Wilson and Davis; and, while the wife denies any connection with the loan or checks, the said checks were turned over to them, and were not produced, and her claim of not knowing the purpose of the mortgages, when signing them, is weakened by the fact that she was a business woman, and engaged in the millinery business on her own account. It also appears from the testimony of Reeves that when he went to see Mr. and Mrs. Wesley, in an effort to collect the debt for the bank, neither of them made any suggestion that it was the husband's debt, or that the loan was not made to the wife. On the other hand, Reeves says: "I went with Mr. Wesley to his house to see his wife, and Mrs. Wesley claimed that she had nothing to pay the mortgage with; and I asked Mrs. Wesley what she did with the money she obtained on this mortgage, and she stated that she used part of the money improving the property

[Atlantic Coast Line Railroad Co. v. Woolfolk.]

in Coffee Springs, and used some of it in the millinery business that she had operated in Coffee Springs; and she stated that she was perfectly willing to give the bank a deed to this property in satisfaction of the mortgage."

I do not think that the complainant has met the burden that the law casts upon her of showing that she signed the mortgage as a mere surety for her husband, and therefore dissent from the holding of the majority of the court.