# People's Bank of Greensboro v. Steinhart.

### Bill by Wife to Cancel Mortgage Because Security for Husband's Debt.

(Decided January 13, 1914. Rehearing denied April 16, 1914.
65 South. 60.)

*Husband and Wife; Suretyship of Wife; Mortgage.*—Although the transactions were made to appear as loans to the wife, the proceeds being transferred by her to her husband, the mortgages were void under the facts in this case, in view of the provisions of section 4497, Code 1907.

APPEAL from Butler Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Pauline Steinhart against the People's Bank of Greensboro, to cancel certain mortgages and notes alleged to have been given to secure the debt of the husband. Decree for complainant, and respondent appeals. Affirmed.

The bill alleges that in July, 1908, complainant was in possession and owned in her individual right certain real estate situated in the town of Greenville, and on July 8, 1908, her husband, A. Steinhart, being indebted to the People's Bank of Greensboro in the sum of $1,000, in order to secure payment of said indebtedness oratrix and her husband executed a mortgage conveying said real estate, and that on the 22d day of May, 1909, her husband being indebted to the bank in the further sum of $1,000, oratrix and her husband executed another mortgage to the said bank to secure said last-named sum. Both mortgages are set out as exhibits, and it is charged and alleged that the indebtedness for which the mortgage was given as security was not the debt of oratrix, but was the debt of her husband, A Steinhart, and

that the mortgages were executed as security for the debt of her husband, wherefore it is prayed that the mortgages be declared null and void and called in and canceled. By an amendment, the fact that the foreclosure proceedings had been begun by the People's Bank of Greensboro is set in full, and a temporary injunction is asked for. The bank answered, admitting the fact of the mortgages, but denying that they were executed to secure the debt of the husband, setting up that they were intended to secure an indebtedness of the said Pauline Steinhart. The evidence for complainant tended to show that she was never indebted to the bank, was never informed by the bank that she had any money there, and signed the mortgage at her husband's request to enable him to procure money to pay off an indebtedness owing in his store, and that she never signed any checks except one payable to her husband, and never requested the bank to loan her any money, and never borrowed any money from the bank, except as above stated. The testimony for the respondent tended to show that the loan was made to the wife and by her passed to her husband's credit by a check payable to him, and that he used it in paying his indebtedness.

THOMAS H. SEAY, for appellant. The uncontradicted testimony brings both mortgages clearly within the law as declared in the following cases, which demonstrate that the chancellor was in error in holding and declaring the mortgages void.—*Gafford v. Speaker,* 125 Ala. 498; *First Nat. Bank v. Moragne,* 128 Ala. 157; *Mohr v. Griffin,* 137 Ala. 456, and cases cited.

POWELL & HAMILTON, for appellee. The ruling of the chancellor is clearly sustained by the following authorities.—§ 4497, Code 1907; *Lamkin v. Lovell,* 58 South.

[Cudd v. Reynolds.]

258; *Elkins v. Bank of Henry,* 60 South. 96; 110 S. W. 294; 108 Am. St. Rep. 301.

ANDERSON, J.—Section 4497 of the Code of 1907 provides that the wife shall not, directly or indirectly, become the surety for her husband. We think that the evidence in this case shows that it was the purpose and intention of the complainant's husband and the respondent bank that the proceeds of the mortgages in question should be used as an indirect security for the debt of the husband or of his grocery company, although it may in form appear to be a straight loan to the wife and a subsequent placing by her, of the proceeds to the credit of her husband. The decree of the chancery court in canceling the mortgages in question is fully supported by the cases of *Lamkin v. Lovell,* 176 Ala. 334, 58 South. 258; *Elkins v. Bank of Henry,* 180 Ala. 18, 60 South. 96, and cases there cited, and is more than supported by the case of *Interstate Bank v. Wesley,* 178 Ala. 186, 59 South. 621.

The decree of the chancery court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.