# Griffin *v.* Dawsey.

### Bill to Cancel Mortgage.

(Decided May 18, 1916.  72 South. 32.)

**Husband and Wife; Debt of Husband; Wife's Security.**—The evidence examined and it is held to support a finding that the mortgage in question was not executed by the wife to secure a debt of the husband, and hence, that it was not void as in violation of § 4497, Code 1907.

APPEAL from Butler Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by Mary A. Griffin against S. C. Dawsey to cancel a mortgage as a cloud upon her title because given to secure a debt of the husband. From a decree dismissing the bill complainant appeals. Affirmed.

POWELL & HAMILTON, for appellant. FRONTIS H. MOORE, for appellee.

MAYFIELD, J.—This is a bill by a married woman to cancel a mortgage as a cloud on her title, on the ground that it was given to secure the debt of her husband, in violation of section 4497 of the Code. The only material disputed question is whether the debt secured was that of the husband and not that of the wife. The note and the mortgage on their face recite the debt secured to be that of both the husband and the wife. In the absence of parol proof on the subject, the writings make the debt a joint and several obligation of both. The oral testimony of the complainant and her witnesses tends to show that the debt secured was the debt of her husband, and that she signed the

instruments and mortgaged her property only to secure the debt of her husband, and in violation of section 4497 of the Code. The evidence of respondent and his witnesses tends to show that the debt was primarily that of the wife, and that the husband was surety only. The chancellor found in favor of the respondent and dismissed the bill, and from the decree the complainant appeals. We confess that the record leaves the disputed question in doubt, and that much can be said arguendo in favor of each contention.

It is insisted by appellant that, as all the dealings and transactions leading up to the loan and the execution of the mortgage were had between the respondent and the husband, and as the latter and the wife had applied for a permanent and a temporary loan, this shows that the loan was made to him, and not to complainant. This fact is undisputed, and, unexplained, of course tends strongly to show that the loan was to the husband, and not to the wife. It is shown without dispute, however, that when respondent agreed to make the loan to the husband, he was under the belief that the husband owned the land mortgaged, and that he agreed to make the loan only in case the abstract showed a good title. An attorney was employed, probably by both the husband and the respondent, to make the abstract. The abstract showed no title in the husband, but showed title in the wife, and showed, moreover, that this title was incumbered by two prior mortgages which on their face showed that they were executed to secure the joint and several debts of both the husband and the wife. The attorney advised both the husband and the respondent of the condition of the title, and that the loan could not be made thereon to the husband, but could be made to the wife. The attorney testified that he advised the wife to the same effect, and that she acceded thereto; and that he, acting as attorney, drafted the papers to that end.

It is without dispute that the money borrowed was paid to the wife, or, to be exact, that the draft or check was made payable to her, and that it was indorsed by her to the bank which paid the money. This certainly made her liable as for the receipt of the money. It is also shown that a large part of the money so received was paid to a brother of complainant, in satisfaction of a note and mortgage held by him, executed by the complainant and her husband, which on their face showed a joint debt of the husband and the wife.

[Griffin v. Dawsey.]

The complainant and her witnesses say that the debt due her brother was that of her husband also, and that his mortgage was therefore void for the same reason claimed to vitiate respondent's mortgage. The other mortgage was to secure a part of the purchase price of the land, and it was canceled when the one in question was executed, but whether the money received from the respondent or any part of it went in payment of this mortgage is in dispute. It is certain, however, that the execution of the mortgage in question was the cause of removing two other mortgages from complainant's land, and that these mortgages, on their face, were valid incumbrances on the land. If it be conceded that one of these mortgages—the one to complainant's brother—was void because in violation of the statute, this respondent was not a party to the wrong, and had no knowledge thereof when he parted with his money, which went to remove the incumbrance.

It would be a great wrong to allow this complaint to take the respondent's money, and pay it to her brother in satisfaction of a mortgage which he held on her land, and then relieve her of all liability or duty in the premises by saying, with her, that while both of these mortgages on their face appeared to be valid, as a matter of fact they were void even the one to complainant's brother, because the debt secured thereby was the debt of complainant's husband and not the debt of complainant.

We do not think the fact that respondent spoke of the debt as that of the husband concludes the matter against him. In a sense it was his debt, though the loan was to the wife. If the respondent's contention is the true one, the wife was the principal and the husband was the surety, and he could be compelled to pay the whole to the respondent.

There are no disputed questions of law involved on this appeal. The dispute is purely a question of fact; hence the question must be determined by reading the transcript and analyzing the evidence. This has been done here and in the court below. And the statute provides that on appeals in cases like this the court shall consider the whole record without any presumption in favor of the finding of the chancellor. Observing this statute, we have reached the same result attained by the chancellor, and the decree appealed from must accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.