## Cudd v. Reynolds.

### Bill to Cancel Mortgage.

(Decided June 30, 1916.   Rehearing denied December 30, 1916. 73 South. 373.)

Appeal and Error; Review; Prejudicial Error.—Where the bill was to cancel a mortgage because given by the wife to secure the debt of the husband, and the mortgage contained an admitted mistake in describing the land as being in lot 22, instead of lot 32, and the bill correctly described the land, and the proof otherwise established complainant's right to lot 32, the failure of the bill to allege the misdescription in the mortgage, did not constitute reversible error.

(Anderson, C. J., and McClellan, J., dissenting.)

APPEAL from Cullman Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by V. A. Reynolds against J. A. Cudd to cancel two mortgages. Decree for complainant and responded appeals. Affirmed.

For another branch of the litigation see 185 Ala. 80, 70 South. 721.

E. W. GODBEY. for appellant.   EMIL AHLRICHS, for appellee.

GARDNER, J.—By this bill the appellee seeks the cancellation of two mortgages executed to the appellant on 41 acres of land owned and possessed by her, upon the ground that the same were executed to secure to the appellant the indebtedness of her

husband, L. R. Reynolds, as in violation of the provisions of section 4497 of the Code. On submission for final decree on the pleadings and proof, the chancellor awarded complainant relief, and from his decree this appeal is taken.

The submission was made upon testimony offered by complainant only, the respondent offering no proof.

The above-cited statute has found construction and comment in many of our cases arising thereunder.

No new principles of law are here involved, and the question resolves itself into one simply of facts. We do not think a discussion of the evidence would subserve any good purpose. Suffice it to say, it has been given careful consideration, and we find that the evidence fully justifies the chancellor's decree. The conclusion reached is amply supported by the recent case of *Elkins v. Bank of Henry,* 180 Ala. 18, 60 South. 96. See also, *Lamkin v. Lovell,* 176 Ala. 334, 58 South. 258, and *People's Bank v. Steinhardt,* 186 Ala. 205, 65 South. 60.

Two mortgages were executed by complainant on the same day, each in the sum of $216, one of them describing 40 acres of land, the N. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section 32, township 8, range 1 W.; and the other describing one acre of land; all of which is located in Cullman county. Copies of said mortgages are attached as exhibits to the bill, and they describe the 40 acres as in section 22, township 8, range 1 W., Cullman county. A reference to the tract book in the office of the Secretary of State discloses that there is no section 22 in township 8, range 1 W., in Cullman county. It therefore appears that there was a mistake in the description in the mortgage, and this is apparent on the face of the bill. There was no demurrer taking that point and no objection to the bill on that ground.

The bill alleges that complainant owned and was in possession of the above-described land; that is, as described in the bill, or in section 32. These averments are in the third paragraph of the bill. In the fourth paragraph it is alleged that complainant executed two mortgage deeds for the sum of $216 on February 22, 1910, conveying said lands to respondent, copies of which deeds are made exhibits to the bill. The averments of paragraph 4 show that the land mortgaged, or intended to be mortgaged, was that described in the third paragraph, and of this there is no specific denial in the answer of respondent.

[Cudd v. Reynolds.]

The certified copy of the mortgage offered in evidence describes the 40 acres as being in section 22; but there was no objection to the introduction of this mortgage on the ground that there was a variance in the description, and the record does not disclose that attention was directed to any such variance during the progress of the cause, though it seems to have been presented to the chancellor before his final decree.   The evidence in the case and the deed offered by complainant disclose that the land is in section 32, and the evidence clearly shows that it was the intention of all the parties to mortgage this identical land and none other.   Counsel for appellant in his argument lays much stress upon this variance.

The mortgages were given by the wife as security for the debt of her husband, and it clearly appears that they were treated by all parties as containing the proper description.

The bill, in the third paragraph, alleges the ownership and possession in complainant of the 40 acres in section 22;, and, in the fourth pragraph, that she executed the mortgage on said lands.   A copy of said mortgage is made an exhibit to the bill. Complainant testifies that she executed the mortgages on the land described in the bill of complaint.   It further appears from her evidence that her husband had no interest in the said property; that, in fact, he had "no property except a horse."

Had the complainant in her bill—in addition to alleging that she had mortgaged her land as described in the bill, that is, as in section 32, and as shown by the mortgage made an exhibit to the bill—also averred that the mortgage contained a misdescription, and that it was the intention of all the parties that the 40 she owned in section 32 should be described in and conveyed by the mortgage, we are unable to see what valid objections could be raised.   In such case, the bill would merely confess an error in the description.   The bill in the instant case does not so state, in formal manner; but its averments, in connection with the exhibits, disclose this to be its effect.   The proof so shows without conflict.   The complianant testifies:   "I executed two mortgages to him (referring to respondent) on certain land described in the bill of complaint, the mortgages executed on the 22d day of February, 1910 (the date of the mortgage here involved), and described in the bill.   *   *   *   I gave those mortgages to secure the debt of my husband."

[Sims, et al. v. Birden.]

The bill and proof disclose that the respondent had a clear equity in the land by virtue of the mortgage. There is no occasion therefore for a mere formal correction of an admitted mistake, and no reason why relief should not be granted complainant. The proof otherwise establishes her right thereto.

A court of equity looks through to the substance of things, and we are of the opinion that this question of variance should not be permitted to work a reversal of the cause; that no possible injury has resulted therefrom.

The decree of the chancellor is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur. ANDERSON, C. J., and McCLELLAN, J., dissent entertaining the view that the misdescription treated in the opinion is sufficient to reverse the cause to the end that appropriate amendment be made to the bill in that respect, and proof had accordingly. SAYRE, J., not sitting.