(90 South. 302)
### MYERS v. STEENBERG. (1 Div. 172.)

(Supreme Court of Alabama. Oct. 13, 1921.)

**1. Husband and wife ⬤159—Notes of wife as surety are void as to her and her separate property.**

Under Code of 1907, § 4497, the wife cannot become a surety, directly or indirectly for the husband, and if she does so, the notes and mortgage evidencing such suretyship are void as to her and her separate property.

**2. Husband and wife ⚌232(1, 3)—Notes purporting joint obligation make prima facie case of joint and several liability.**

Notes which on their face purport a joint obligation of the husband and wife make a prima facie case of joint and several liability, and place upon the wife who assails them the burden of establishing their invalidity by showing there was no consideration for them or that she was surety only.

**3. Husband and wife ⚌232(3)—Evidence to overcome prima facie case of wife's liability must be clear.**

To overcome the prima facie case of a wife's liability on notes purporting to be the joint notes of herself and her husband, the evidence that the notes were without consideration or that the wife was surety only must be clear and convincing.

**4. Husband and wife ⚌146½—Mortgage by nonresident wife of lands within state held governed by state laws.**

Under Code 1907, § 4500, providing that contracts concerning real estate within the state entered into by nonresident married women shall have the same force as if made by married women within the state, a mortgage of real estate situated within the state, made by a married woman residing in another state, and which provided that it and the notes secured thereby should be construed under the laws of the state, is to be governed by the laws of the state.

**5. Husband and wife ⚌171(4)—Evidence held not to show wife was liable as surety only.**

In a suit to foreclose a mortgage executed by husband and wife to secure a note purporting to be a joint obligation, evidence that the note was given for the purchase price of agricultural machinery after the seller had refused to sell to the husband alone *held* not to show with sufficient clearness that the wife was surety only on the debt to overcome the prima facie case made by the note.

Appeal from Circuit Court, Baldwin County; John D. Leigh, Judge.

Bill by Alfred C. Steenberg, as trustee, against Charlotte S. Myers and her husband to foreclose a mortgage or deed of trust. Decree for complainant, and respondent, Charlotte S. Myers, appeals. Affirmed.

Rickarby & Beebe, of Bay Minette, for appellant.

There is no debt and the mortgage is wholly void under the facts in this case; but, should the court not take that view of the case, then it is apparent from the fact that the husband is the principal obligor and the wife is surety. Section 4497, Code 1907; 203 Ala. 97, 82 South. 111; 200 Ala. 230, 75 South. 989; 194 Ala. 678, 69 South. 894; 182 Ala. 405, 62 South. 704; 176 Ala. 334, 58 South. 258; 178 Ala. 186, 59 South. 621; 178 Ala. 282, 59 South. 593. The section above referred to operates for the benefit of nonresidents. Section 4500, Code 1907; 119 Ala. 219, 24 South. 760; 92 Ala. 163, 9 South. 143, 13 L. R. A. 299; 88 Ala. 277, 7 South. 200.

Harry T. Smith & Caffey, of Mobile, for appellee.

There was no case of suretyship, but that of joint and several liability of husband and wife. 189 Ala. 301, 66 South. 493; 186 Ala. 254, 65 South. 43; 15 Ala. App. 553, 74 South. 97; 198 Ala. 670, 73 South. 989; 196 Ala. 218, 72 South. 32; 202 Ala. 39, 79 South. 377; 186 Ala. 207, 65 South. 41; 203 Ala. 97, 82 South. 111; 194 Ala. 687, 70 South. 115; 125 Ala. 498, 27 South. 1003; 137 Ala. 456, 34 South. 378. The wife procured the release of the husband, the absolute title to the property, and an extended term of credit on the debt, rendering her absolutely liable. 189 Ala. 301, 66 South. 493; 192 Ala. 200, 68 South. 267; 153 Ala. 550, 45 South. 69; 128 Ala. 157, 30 South. 628. The papers made a prima facie case of the joint liability, and the evidence must be clear and convincing to overcome the presumption. 196 Ala. 218, 72 South. 32; 202 Ala. 39, 79 South. 377; 201 Ala. 173, 77 South. 699; 143 Ala. 613, 42 South. 106; 200 Ala. 264, 76 South. 30; 189 Ala. 301, 66 South. 493; 125 Ala. 498, 27 South. 1003; 149 Ala. 67, 42 South. 987; 178 Ala. 186, 59 South. 621. The statute relied on for a defense is not available to nonresidents. 44 La. Ann. 108, 10 South. 623; 12 La. Ann. 89; 137 Ala. 124, 33 South. 934, 62 L. R. A. 33, 97 Am. St. Rep. 19; 105 Ala. 440, 17 South. 17. The mere fact that the contract is prohibited by the law of this state does not prevent this state from enforcing it here, if it was valid in the state where made. 12 C. J. 440; 66 N. J. Law, 253, 49 Atl. 544, 54 L. R. A. 585, 88 Am. St. Rep. 485; 85 Neb. 655, 124 N. W. 104; 45 N. E. 737; 176 Ky. 113, 195 S. W. 154.

MILLER, J. Alfred C. Steenberg as trustee and mortgagee files this suit in equity against Charlotte S. Myers and her husband, William P. Myers, the mortgagors, to foreclose a mortgage or deed of trust on real estate in Baldwin county. The complainant is trustee for a corporation known as Southwestern Port Huron Company. Its name was afterwards changed to Port Huron Company. It succeeded to all the rights and property of the former corporation. William P. Myers makes no defense. There was decree pro confesso against him. Charlotte S. Myers files answer and cross-bill, alleging the real estate mortgaged was her separate estate; that the mortgage was without consideration; the debt, if any, secured by the mortgage was her husband's, and she was surety; and that the mortgage, being thereby void, should be canceled as a cloud on her title. The complainant admits the real es-

tate is her separate property, but avers the debt secured by the mortgage on it is her individual or joint and several debt with her husband. There was a decree by the court below, fixing the amount of the mortgage debt, finding the wife legally liable therefor, and directing her real estate therein to be sold to pay it. From this decree Charlotte S. Myers appeals and it is assigned as error.

[1] The wife shall not become surety, directly or indirectly, for the husband. If she does the notes and mortgage evidencing it are void as to her and her separate property. Richardson v. Stephens, 122 Ala. 301, 25 South. 39; section 4497, Code 1907.

[2, 3]. The execution of the notes and mortgage is admitted. They are introduced in evidence. Their faces purport a joint obligation of the wife and husband. This being true, a prima facie case of joint and several liability is made by complainant. Griffin v. Dawsey, 196 Ala. 218, 72 South. 32. This places the burden of proof on the wife, who assails the notes and mortgage, to establish their invalidity by showing there was no consideration for them or the debt was that of the husband only, and not their joint obligation; that she was surety only. Interstate Bank v. Wesley, 178 Ala. 186, 59 South. 621; Hall v. Gordon, 189 Ala. 301, 66 South. 493. The evidence must be clear and convincing to overcome this prima facie presumption created by the introduction of the notes and mortgage, their joint execution, with their written recitals of a joint obligation therein. Without such clear and convincing proof the courts can and will not declare such instruments null and void. Maxwell v. Herzfeld, 149 Ala. 67, 42 South. 987; Gafford v. Speaker, 125 Ala. 498, 27 South. 1003.

[4] Charlotte S. Myers and her husband are nonresidents. They reside in the state of Illinois. They were in that state when the notes and mortgage were executed. The complainant's corporation was doing business in Illinois. All the transactions involved in this litigation were consummated there between the parties to this cause. This mortgage contains this clause:

"And it is hereby agreed and declared that this indenture and the notes secured hereby, are made under and are in all respects to be construed by the laws of the state of Alabama."

Similar statements in mortgages have been considered and construed by this court in connection with the particular facts of each case to determine by what law the contract is governed. Ashurst v. Ashurst, 119 Ala. 219, 24 South. 760; A. F. L. M. Co. v. Sewell, 92 Ala. 163, 9 South. 143, 13 L. R. A. 299; Falls v. Loan Co., 97 Ala. 417, 13 South. 25, 24 L. R. A. 174, 38 Am. St. Rep. 194. In Alabama we have a statute that fixes the lex loci of the contract, so far as it applies to real estate in Alabama of the wife, she being at the time a nonresident. It reads:

"All contracts concerning real * * * property situated in this state, entered into by married women who are not residents of this state at the time of entering into such contracts, have the same force and validity as if such contracts were made by married women residing in this state." Section 4500, Code 1907.

So this makes the law of Alabama applicable under the facts of this case relating to the venue of the contract. When the facts are found from the evidence on the issues by the court, it must apply the law of Alabama to them. Thus it becomes a question of fact to be determined by the court from the evidence.

Has Charlotte S. Myers overcome by clear and convincing proof the presumption of liability, joint liability, placed on her by law under the evidence of complainant? The testimony is in sharp conflict. There is deposition testimony on each side and written documentary evidence by each party, indicating the correctness of the contentions averred by each in the issues. Many of the original papers, numerous in number, are here for us to inspect and consider. We have done so. The real consideration of this transaction is the purchase price of machinery to shell corn. The Port Huron Company manufactured and sold machinery. William P. Myers alone made application in writing to Port Huron Company to purchase this machinery for $1,800 to be secured by mortgage on it. It was declined. Afterwards William P. Myers and Charlotte S. Myers made written application to the company to purchase it for $1,800, secured by their joint notes by chattel mortgage on the machinery and by real estate mortgage on this land in Baldwin county. This application was approved. The machinery was shipped; consigned by the company to itself at place of defendants. The bill of lading was sent to a bank there, to be delivered to William P. Myers when he and Charlotte S. Myers executed notes for the purchase price, secured by chattel mortgage on the machinery and real estate mortgage on Baldwin county land, as agreed in and in accordance with the application. All papers were properly executed and returned to the company, and the machinery was delivered.

After the expiration of six or seven months the defendants by bill of sale in writing conveyed said machinery to Port Huron Company; the consideration being a credit on their purchase-money debt. Charlotte S. Myers then alone made written application to purchase it, which was approved. She gave her notes, signed by herself and husband, to complainant, secured by chattel mortgage on the machinery and real estate mortgage on the land in Baldwin county. All the papers were properly executed and delivered. This is the real estate mortgage complainant is attempting to foreclose by

this suit. At the same time this application to purchase this machinery was made by Mrs. Myers she made another and separate application in writing to purchase more and new machinery for $1,095.35, and sent the company note executed by herself and husband for it, secured also by another mortgage on this land in Baldwin county. This application was not approved, and the notes and mortgage were returned, as the security was insufficient. Later Mrs. Myers wrote tho company she declined to accept the other machinery, as it refused to approve the other application. ' The husband or wife continued in possession of the machinery and used it. This machinery was sometime afterwards sold under the chattel mortgage, and the proceeds credited on the purchase money secured by this real estate mortgage.

[5] There is much evidence, pro and con, by depositions and by letters. We have read and considered all of them carefully. In our opinion Charlotte S. Myers did not overcome and discharge the burden of proof. It will serve no good purpose and consume too much time and make this opinion too long to analyze this entire testimony for the purpose of showing how and why we reached this conclusion.

The Port Huron Company refused to sell this machinery to the husband alone. Her joint application with her husband to become the purchasers, with her property, secured the sale. Without her application and her mortgage on this land, there would have been no sale and no debt. This is clear and convincing from the testimony. Thus she became jointly liable with her husband, as principal. In the second transaction she became simply liable for the debt for which she formerly was jointly liable with her husband. This renders her, from the evidence, liable under both transactions. The court below by its decree found that the amount due was for balance of purchase money for the machinery, plus 10 per cent. attorney's fee, that Charlotte S. Myers owed it, that this mortgage on the land secured it, and directed that the land be sold to pay it. In this, the court did not err in its decree.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.