**ROLLINGS v. GUNTER et ux. (8 Div. 580.)**

(Supreme Court of Alabama. June 30, 1924. Rehearing Denied Oct. 16, 1924.)

**1. Husband and wife ☞79—Wife has full legal capacity to contract except as otherwise provided by law.**

Under Code 1907, § 4492, wife has full legal capacity to contract as if she were sole, except as otherwise provided by law.

**2. Husband and wife ☞39, 87(3)—Spouses may contract with each other; wife cannot become husband's surety.**

Husband and wife may contract with each other subject to rules governing contracts between persons standing in confidential relations, except that wife cannot directly or indirectly become husband's surety, under Code 1907, § 4497.

**3. Husband and wife ☞232(1)—Wife, executing obligation with husband, must prove her obligation is solely as husband's surety.**

Execution of joint, or joint and several, obligation of husband and wife imports contract according to its terms, and casts on wife burden of proving that her obligation is solely as husband's surety.

**4. Principal and surety ☞9—Joint borrowers for benefit of both or either may both be "principal" obligors.**

While principal is ordinarily one to whom consideration moves, one may borrow money, knowing it to be for another's benefit, and still be principal due to pay it, or two or more jointly borrowing for benefit of both or either may both be principal obligors.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Principal.]

**5. Principal and surety ☞1—"Suretyship," "principal," and "surety," defined.**

"Suretyship" is lending of credit to aid principal having insufficient credit of his own; one expected to pay, having primary obligation, being "principal," while one bound to pay, if principal does not, is "surety."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Surety—Suretyship.]

**6. Equity ☞56—Must look through new form given illegal transaction and deal with substance.**

While parties may withdraw from and abandon transaction begun on discovering legal obstacles, and proceed to make lawful deal, court of equity, if same transaction is merely given another form, must look through form and deal with substance.

**7. Husband and wife ☞154—Wife, to whom husband purchasing property causes title to be made jointly with him, not joint debtor.**

That husband purchases property and causes title to be made jointly to himself and wife does not create joint debt.

**8. Husband and wife ☞171(5)—Wife's mortgage held void as security for husband's debt.**

Mortgage executed by wife on her property as additional security for payment of notes, executed by her and husband jointly for entire price of land sold to husband, but conveyed to them jointly at attorney's suggestion, *held* void, under Code 1907, § 4497, as indirectly given to secure husband's debt.

Anderson, C. J., and Sayre, J., dissenting.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill in equity by Robert Rollings against A. C. Gunter and wife, seeking to have declared valid a mortgage executed by respondents to complainant and possession of the lands in question surrendered. From a decree denying relief to complainant and awarding relief to respondent Bettie Gunter under her cross-bill—cancellation of the mortgage as a cloud upon title—complainant appeals. Affirmed.

D. Isbell, of Guntersville, for appellant.

The wife was not the surety of the husband, but was a joint maker. Gafford v. Speaker, 125 Ala. 498, 27 South. 1003; Mohr v. Griffin, 137 Ala. 456, 34 South. 378; Interstate Bank v. Westley, 178 Ala. 186, 59 South. 621; Hall v. Gordon, 189 Ala. 301, 66 South. 493; Myers v Steenberg, 206 Ala. 457, 90 South. 302. If the consideration, or a substantial part of it, passes to the wife, she is a principal, and not a surety. McCoy v. Barnes, 136 Ind. 378, 36 N. E. 134; Bateman v. Cherokee Fert. Co., 21 Ga. App. 158, 93 S. E. 1021; Thomas v. Boston Bank. Co., 157 Ky. 473, 163 S. W. 480; Cowles v. Pollard, 51 Ala. 445; Cowles v. Marks, 47 Ala. 612; 30 C. J. 744.

Rayburn, Wright & Rayburn, of Guntersville, for appellees.

Brief of counsel did not reach the Reporter.

BOULDIN, J. The sole question presented is, Was the mortgage sought to be canceled by the cross-bill given on the lands of the wife as security for the debt of the husband?

The case made by the evidence, without serious dispute, may be briefly stated as follows: Robert Rollings contracted with A. C. Gunter to sell him 40 acres of land for $2,000. At first it was agreed upon as a cash deal. When preparing to close the deal A. C. Gunter advised Rollings he could not get the money just then, but was promised it within six months, and offered to give a mortgage including another 40 acres of land as additional security. Gunter informed his wife that he had purchased the lands, and had her get the deed to the other 40 to be mortgaged as additional security. The par-

ties all met at the office of the attorney selected to prepare the papers. The attorney there discovered and informed Rollings that the title to the land proposed as security was in Bettie Gunter, the wife of A. C. Gunter. All parties being present, the attorney asked to whom the property was being sold, and was told A. C. Gunter. The attorney then advised that the sale should have been to Bettie Gunter; that she could not give a valid mortgage on her lands to secure her husband's debt. The attorney then asked to whom they wanted the deed made. The husband suggested to make it to the husband and wife jointly. The wife, by silence at least, acquiesced. The deed was so drawn and executed, and a joint and several note for the entire purchase money secured by mortgage on both forties drawn and executed therefor. The wife signed by mark. Possession of the land purchased was delivered. No part of the purchase money was ever paid.

[1] Under our statutes the wife has full legal capacity to contract as if she were sole, except as otherwise provided by law. Code 1907, § 4492.

[2] The husband and wife may contract with each other subject to the rules governing contracts between persons standing in confidential relations, "but the wife shall not, directly or indirectly, become the surety for the husband." Code 1907, § 4497.

Many cases have involved the construction of the general power of the wife to contract and the limitation thereon. Without attempting a general review, it has been declared that the wife may convey her property to her husband; she may sell it in direct payment of the husband's debt; she may borrow money to be used in payment of the husband's debt; she may, by novation, satisfy her husband's debt by giving her own primary obligation in lieu thereof; she may join her husband in creating a joint debt or liability. In all cases, she is bound, except when she undertakes to bind herself or property solely as the surety of the husband.

On the other hand, many transactions have been condemned as indirect or evasive attempts to become the surety for the debt of the husband. No matter what the form of the transaction, if the husband is the real debtor, and the sole purpose is to secure his debt, the wife is not bound. We cite a number of our cases illustrating the application of these rules to varying facts. Myers v. Steenberg, 206 Ala. 457, 90 South. 302; Morriss v. O'Connor, 206 Ala. 542, 90 South. 304; Smith v. Thompson, 203 Ala. 87, 82 South. 101; Street v. Alexander City Bank, 203 Ala. 97, 82 South. 111; Bushard v. McCay, 201 Ala. 173, 77 South. 699; Trotter Bros. v. Downs, 200 Ala. 158, 75 South. 906; Vinegar Bend Lbr. Co. v. Leftwich, 197 Ala. 352, 72 South. 538; Griffin v. Dawsey, 196 Ala. 218, 72 South. 32; Staples v. City Bk.

& Tr. Co., 194 Ala. 687, 70 South. 115; Hall v. Gordon, 189 Ala. 301, 66 South. 493; Marbury Lbr. Co. v. Woolfolk, 186 Ala. 254, 65 South. 43; Corinth Bk. & Tr. Co. v. King, 182 Ala. 403, 62 South. 704; Elkins v. Bank of Henry, 180 Ala. 18, 60 South. 96; Lamkin v. Lovell, 176 Ala. 334, 58 South. 258; Hanchcy v. Powell, 171 Ala. 597, 55 South. 97; Henderson v. Brunson, 141 Ala. 674, 37 South. 549; Mohr v. Griffin, 137 Ala. 456, 34 South. 378; Richardson v. Stephens, 122 Ala. 301, 25 South. 39; Giddens v. Powell, 108 Ala. 621, 19 South. 21.

The statute expresses a public policy to shield the property of the wife against the moral duress inherent in the relation of husband and wife, inducing her by the influence of the husband, or of third persons, or even of her own inclinations, to help the husband or promote his interests by becoming surety for his debt.

The case most analogous to the one in hand, in one respect, is probably Griffin v. Dawsey, 196 Ala. 218, 72 South. 32. There the husband negotiated a loan, and it so proceeded until it was discovered in abstracting the title to the lands that the title was in the wife. The husband and wife were advised that the loan could not be made to the husband, but could be to the wife. They acceded to the change, and the papers were so prepared. The wife was held bound. A controlling fact in that case was that the money was actually paid over to the wife, who applied it in part in removing a prior incumbrance on her lands.

[3] It is fully established that the execution of a joint, or joint and several, obligation imports a contract according to its terms, and casts on the wife the burden of proof to show her obligation is solely as surety for the husband.

The relation of principal and surety is of the essence of the inquiry. Here there is no question that the debt was contracted, in the first instance, by the husband. The wife was not known in it until the time came to secure the debt.

[4] Ordinarily, it is true that the principal is the one to whom the consideration moves. But this may not be true. One may borrow money with the known intention that it is for the benefit of another, both may sign the note, yet the real borrower who is due to pay it is the principal. So also two or more may jointly borrow for the benefit of both or either, and both be principal obligors. It is inaccurate to say the principal is one to whom credit is extended.

[5] Suretyship is the lending of credit to aid a principal who has not sufficient credit of his own. The controlling test is: Who is expected to pay; who has the primary obligation? He is the principal; and the one bound to pay, if he does not, is the surety.

[6] The one fact indicative of a purpose

to make a joint indebtedness of husband and wife here is the form the transaction took. The papers show a joint debt and a joint deed. There is no question that, where a transaction is begun, and legal obstacles are discovered, the parties may withdraw and abandon it. They may then proceed to make a lawful deal. This is not evasion of the law but a compliance with the law. But, if the same transaction is in view, and it is given another form merely, a court of equity must look through the form and deal with substance. The facts here being without dispute, it becomes a question of reaching a just conclusion as to what was the real intention.

[7] Does the mere fact that the wife knew and consented to her name being put in the deed as one of the grantees conclude her as a joint purchaser and co-obligor? It is not infrequent for the husband to purchase property and cause title to be made jointly to himself and wife. We would say, without hesitation, that such fact alone does not make it a joint debt.

[8] As we study this case, we are impressed that both provisions of this statute enter into its solution. All parties were present and participating in a transaction which took the form stated. The idea of making the deed to husband and wife jointly was sprung on the moment, suggested by legal counsel, and caught up by the husband. The wife did not become the actor. Human experience is that a nonresisting wife, accustomed to follow the lead of her husband in business matters, was not likely, in the presence then confronting her, to do other than acquiesce and sign what she was expected to sign. It does not appear she had or was expected to have any means to pay the debt or any part of it. For all that appears, the husband was expected to carry out his original promise to get the money and pay the debt.

As we weigh the frank statement of Mrs. Gunter and that of Mr. Rollings on cross-examination, in connection with all the evidence, we have a conviction that this is a case our statute is designed to cover—the protection of a wife's property against an indirect method of binding it for the husband's debt.

The decree of the court below is affirmed.

Affirmed.

SOMERVILLE, GARDNER, THOMAS, and MILLER, JJ., concur.

ANDERSON, C. J., and SAYRE, J., dissent.

ANDERSON, C. J. (dissenting.) While in full accord with the majority opinion that under the statute the wife cannot become the surety of her husband, and with the cases cited to the effect that she cannot do indirect-ly what the law says she cannot do directly, I am afraid that my Brothers have misapplied the facts in the instant case so as to convert a joint purchase by the husband and wife of the land into a contract of suretyship. True, the husband bargained for the land in his own name, but, upon being informed that his wife could not legally become his surety for the purchase money, the contract of purchase, by and with the consent of the wife, was changed to a joint purchase of the land by husband and wife, and the land was conveyed to them as joint owners, thus rendering the wife a joint purchaser, and not a mere surety for the debt of her husband.

I therefore dissent.