# Hall v. Gordon.

### Ejectment.

(Decided November 7, 1914. 66 South. 493.)

1. *Husband and Wife; Debts of Husband; Mortgage by Wife.*— Where the wife attacked a mortgage because given to secure the payment of her husband's debt, the burden of proof is on the wife to avoid the mortgage upon her property.

2. *Same.*—By a note secured by a mortgage on her property, a wife may create a personal obligation to pay such sum of money, and then apply the sum so received to the payment of her husband's debt, or she may make such promise to pay secured by mortgage, and thereby pay or buy his debt, substituting her own personal responsibility for that surrendered by the creditor in consequence of the satisfaction to him of the debt of the husband.

3. *Same; Becoming Surety for.*—A transaction whereby the wife, together with her husband, mortgaged land which she separately owned, to secure her note, and the mortgage provided that any excess after satisfaction should be paid to her, when neither she nor her husband were indebted to the mortgagee, or to the bank to which the mortgage and note were assigned as collateral security to his own note by the mortgagee, was not making the wife or her property surety for any indebtedness then existing from her husband to the

mortgagee, or to the bank, or to the teachers of the county, for whose benefit her husband, as a school officer, was to use the money, and hence, did not bring the transaction within section 4497, Code 1907; the person taking under foreclosure of the mortgage acquiring a good title as against the wife.

4. *Appeal and Error; Presumptions; Verdict.*—All reasonable presumptions of the correctness of the verdict will be indulged on appeal.

APPEAL from Lowndes Circuit Court.

Heard before Hon. A. E. GAMBLE.

Ejectment by Mrs. Mary R. Gordon against Mrs. Birdie Shepherd Hall. Judgment for plaintiff and defendant appeals. Reversed and remanded.

J. R. BELL, H. S. HOUGHTON, and W. P. McGAUGH, for appellant.

GEORGE E. GORDON, and HILL, HILL, WHITING & STERN, for appellee.

McCLELLAN, J.—Statutory ejectment, instituted by appellee against appellant to recover premises in the town of Hayneville. If the mortgage executed by Mary R. Gordon and George F. Gordon to W. P. McGaugh was not invalid, because violative of the statute (Code, § 4497), which provides that "the wife shall not, directly or indirectly, become the surety for the husband," then the title of the appellant, arising from or consequent upon the foreclosure of that mortgage, should have prevailed in this cause. The burden of proof to avoid a mortgage of the wife's property, because given to secure the payment of the husband's debt, is upon the assailant of the instrument.—*Interstate Bank v. Wesley,* 178 Ala. 186, 59 South. 621; *Elkins v. Bank of Henry,* 180 Ala. 18, 60 South. 96.

In *Hollingsworth v. Hill,* 116 Ala. 184, 185, 22 South. 460, 461, it was said: "The payment by the wife of a

debt of the husband with money belonging to her sep-
arate estate is not the making of a contract by the wife
within section 349 of the Code of 1886 (section 4497
of the Code of 1907) ; but it is a disposition of person-
al effects of the wife, within section 348 (section 4494
of the present Code). The wife and the husband joint-
ly may apply her money to the payment of a debt, by
parol or otherwise, and it is of no consequence that the
debt is that of the husband."

See First Nat. Bank v. Moragne, 128 Ala. 157, 161,
30 South. 106.

She may create by note, secured by mortgage of her
property, her own primary obligation to pay another
a sum of money, and then devote the sum so received
by her to the payment of a debt of the husband; or, she
may utter such promise to pay. and so secure it, and
thereby and therewith *pay and discharge* or *buy* her
husband's debt, *substituting* her own primary responsi-
bility for that the husband's creditor held, but sur-
rendered in consequence of his (creditor's) satisfaction,
against the husband—*Giddens v. Powell,* 108 Ala. 621,
19 South. 21; *Mohr v. Griffin,* 137 Ala. 456, 34 South.
378, and other authorities therein cited; *Farrow v. Cot-
ney,* 153 Ala. 550, 45 South. 69.

George E. Gordon was superintendent of education
for Lowndes county. As such officer he had contracted
with teachers serving public schools in that county for
sums in excess of that available, for the school year,
to compensate teachers engaged. This made it neces-
sary, as he believed it, and as he was advised, for him
to have funds with which to meet the excess of funds
stipulated in the contracts with the teachers. As ap-
pears, his obligation was to the teachers, and that was
to pay them the amounts stipulated in their contracts.
The sum needed for this purpose was approximately

$800. Mrs. Gordon, fully advised, we may assume, of her husband's stated financial necessities, and who owned in her own right the land in question, executed on July 20, 1909, to W. P. McGaugh, along with her husband, George E. Gordon, a promissory note for $750, and secured its payment, upon its maturity on November 1, 1909, with a mortgage on the property described in the complaint. The husband joined in the execution thereof. In the instrument it was provided that any excess sum left from foreclosure, after satisfying the obligation thereby secured, should be paid to Mary R. Gordon. The mortgage was subordinate to a like instrument given to the Fourth National Bank of Montgomery; and Willis Brewer, "for value received," subordinated his superior mortgage to that thus made to W. P. McGaugh. Neither George R. Gordon nor Mary R. Gordon were, on July 20, 1909, when these instruments were executed to McGaugh, indebted to McGaugh in any sum. McGaugh did not then have the money to make, nor did he then make, a loan on the note and mortgage. Nor was either of them *then* indebted to the Bank of Hayneville. On the 13th day of August, 1909, some 24 days after the execution and delivery of the note and mortgage to McGaugh, McGaugh assigned and transferred and delivered to the Bank of Hayneville the note and mortgage of July 20, 1909, to him, "as collateral security for the payment of my [McGaugh's] note, bearing even date herewith and payable to the Bank of Hayneville, at Hayneville, Ala., on the 1st day of January, 1910, in the sum of $616.05." As additional security of his note, McGaugh assigned, etc., a note and mortgage given him (McGaugh) by Carlinne W. and J. H. Higgins. The Gordon mortgage was foreclosed by the bank under the power to that end.

[Hall v. Gordon.]

It is manifest that the note and mortgage operated in no sense to create or establish for Mary R. Gordon or her property any relation of suretyship for any indebtedness then existing from George E. Gordon, the husband, to W. P. McGaugh, for the reason there was no such indebtedness due or owing by George E. Gordon to McGaugh. It is equally as manifest that the instruments signed by the wife on July 20, 1909, to McGaugh, did not have the effect to create or establish any relation of suretyship for her, or about her property (here involved), as respected the teachers, with whom Gordon, as an officer, had contracted. And it is likewise clear that at the time the note and mortgage were executed there was no indebtedness by George E. Gordon to the Bank of Hayneville, so as to subject the status to the doctrine of *Lamkin v. Lovell,* 176 Ala. 334, 58 South. 258, based upon the finding of fact in that instance that Harris was the merely agreed conduit through which, by previous understanding, the mortgage, conveying the wife's property, passed to Knight, Yancey & Co., the husband's creditor by previously and then existing obligation as for the husband's indebtedness to the company. So, when the bank loaned McGaugh $616.05 on his note to it, and McGaugh assigned to the bank the instruments of July 20, 1909, the consideration, as between McGaugh and the bank, was the indebtedness of McGaugh to the bank; and there was not thereby and then brought into being any indebtedness by George E. Gordon to the bank of which his wife could have been or was related as surety. The indebtedness created on August 13, 1909, was an indebtedness from McGaugh to the bank. Indeed, it appears from the record without basis for doubt that the bank, though so requested, would not make a loan to the Gordons. The loan was made to

McGaugh, he affording his own responsibility and another item of collateral in addition to the Gordon note and mortgage. The sum made available by this loan of the bank to McGaugh was placed to the credit of Mrs. Gordon on the books of the bank; she indorsing the check therefor made in her favor by McGaugh on the next day, August 14, 1909. The money thus came to her; and what she permitted to be thereafter done with it, even to its application to the satisfaction of her husband's obligations to teachers he had engaged, could not avail to avoid the mortgage she had thus executed. She had not and did not become surety, directly or indirectly, for any debt of her husband to the teachers, for to pay a husband's debt is the wife's right in the disposition of her property. There must be a debt of the husband before there can be a surety therefor.

The statute inhibits securing, by her or with her property, a primary obligation resting on the husband; but it does not forbid her incurrence of a single or joint primary obligation, to satisfy or to secure which she may pledge or incumber her separate property. Unless she can show a securing of, or suretyship for, the husband's indebtedness, the prohibition of the statute cannot avail to avoid her contract; for the statute has not then been violated. So, in one phase of the contest, an issue on the trial was whether the loan made by McGaugh on the faith and assurance of the papers of July 20, 1909, created an indebtedness of the husband alone, to the securing of which the wife's relation was that of surety *only*. The jury concluded to an affirmative response to that injury. While there was evidence tending to invite such a finding by the jury, a careful review of the whole evidence by this court, in the light of the pertinent rule established in

[Campbell v. Beyers, et al.]

*Cobb v. Malone,* 92 Ala. 630, 9 South. 738, leads to the conclusion that the motion for a new trial was erroneously denied by the trial court, and so on the ground that the preponderance of the evidence, after allowing all reasonable presumptions of the verdict's correctness, is so strongly against it as to clearly convince this court that the verdict is wrong and unjust.

A discussion of the evidence will not be attempted, for it is undesirable. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and DE GRAFFEN-RIED, JJ., concur.