(77 South. 699)

BUSHARD et al. v. McCAY. (6 Div. 657.)

(Supreme Court of Alabama. Jan. 17, 1918.)

1. HUSBAND AND WIFE ☞171(1)—DISCHARGING HUSBAND'S DEBT.

A wife may pay her husband's debt from her separate estate or substitute her primary obligation for the husband's without violating Code 1907, § 4497, prohibiting a wife becoming a surety for her husband's debts.

2. HUSBAND AND WIFE ☞171(13)—WIFE AS SURETY—CANCELLATION—BURDEN OF PROOF.

In a wife's suit to cancel a mortgage on the ground that the transaction attempted to make complainant a surety for her husband's debt, the complainant has the burden of proof.

Appeal from Circuit Court, Blount County; J. E. Blackwood, Judge.

Suit in equity by J. B. Bushard and others against R. L. McCay. Judgment for defendant, and plaintiffs appeal. Affirmed.

Russell & Johnson, of Oneonta, for appellants. James Kay, of Oneonta, for appellee.

McCLELLAN, J. [1] The wife may pay her husband's debt with money belonging to her separate estate, or she may discharge or buy her husband's debt by substituting her own primary obligation for that the husband's creditor held but surrendered in consequence of its satisfaction. Hall v. Gordon, 189 Ala. 301, 66 South. 493, and authorities therein noted. When either of these courses is pursued by the wife, she is not a "surety" for the husband's debt as defined in Code, § 4497; and hence she is not entitled to have annulled a mortgage, on her property, so given by her.

[2] In this, Mrs. Bushard's bill to cancel the mortgage executed by her to McCay, on the ground that it was but an effort to constitute the wife a surety for the husband's debt, the burden of proof was upon the complainant to sustain the material averments of her bill. Hall v. Gordon, supra. The complainant's husband's debt to Crumbley was paid, wholly discharged with the funds loaned by McCay. Unless McCay's loan was to complainant's husband alone (Mills v. Hudmon, 175 Ala. 448, 57 South. 739; Bley v. Lewis, 188 Ala. 535, 541, 542, 66 South. 454), the complainant was not a surety only.

The whole evidence bearing on this issue has been carefully examined. Our opinion is that the complainant did not discharge the burden of proof assumed by her, and hence the conclusion of the court below was not laid in error, and must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.