(82 South. 111)

STREET v. ALEXANDER CITY BANK.
(7 Div. 965.)

(Supreme Court of Alabama. May 15, 1919.)

1. HUSBAND AND WIFE &⇒171(6)—OBLIGATIONS OF WIFE—SURETY FOR HUSBAND.

Where a married woman borrowed money from a bank to which she gave her note secured by a mortgage upon her own land, and it is not shown that her husband was bound for repayment of such sum, but that she considered the loan made to her and the debt as her own, she is not entitled to have the mortgage declared void as being a mere security for the husband's debt under Code 1907, § 4497.

2. HUSBAND AND WIFE &⇒171(4) — MORTGAGE BY MARRIED WOMAN—INVALIDITY—BURDEN OF PROOF.

A married woman who gave a note secured by a mortgage upon her own land for a loan from a bank has the burden of proving that it was given merely as security for her husband, and this burden is not met by showing that he induced her to borrow the money for his benefit.

3. USURY &⇒111(1) — PLEADING — SUFFICIENCY.

An allegation that defendant credited complainant with payment on a note at a usurious rate of interest does not charge usury in the contract.

4. HUSBAND AND WIFE &⇒244—OBLIGATION OF WIFE — PROMISSORY NOTE — ATTORNEY'S FEES FOR COLLECTION.

In suit by married woman to have a real estate mortgage given by her for a loan declared void as being a security for her husband's debt, attorney's fees to defendant for collection of the note with the costs of the suit, she having failed to show herself entitled to the relief sought, *held* properly allowed.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Bill by Anne D. Street against the Alexander City Bank to have a deed declared a mortgage and then to have the mortgage declared void as being a mere security for the husband's debt, or, in the alternative, to have a redemption from the mortgage upon doing equity in the premises. Decree for respondent, and complainant appeals. Affirmed.

The bill charges that, on June 29, 1914, complainant's husband, J. C. Street, applied to the respondent bank for a loan of $5,000, which the said bank made to him, $3,000 of which was loaned to her said husband on security furnished by him, and the other $2,000 was loaned to him upon the execution by complainant and her husband, J. C. Street, of an instrument on the face purporting to be a deed conveying plaintiff's land, and upon the execution of which the said $5,000 was placed in said bank by the said bank to the credit of J. C. Street. Simultaneously therewith respondent executed to complainant a bond for title for the reconveyance of said land to her upon the payment of $2,000 on November 1, 1914; that on the date of said deed and bond for title and the loaning of said money complainant executed to respondent a note for $2,000 payable November 1, 1914, for the money borrowed by her husband from respondent on the security of the deed mentioned, but that complainant does not remember whether her husband, J. C. Street, joined in executing said note with her; that on May 14, 1915, complainant paid the sum of $213.33 on said note, for which the respondent credited her as on May 19, 1914, as interest, charging her 12 per cent. per annum for the money. The answer admits that the transaction of the purchase was intended as a mortgage security, but denies that the loan of $2,000 was made to J. C. Street, and asserts that it was in fact made to complainant exclusively. It also denies that credit was placed on the note on the basis of interest at 12 per cent. The answer further alleges that the respondent had before the suit offered to reconvey the property to complainant upon payment of the debt secured with 8 per cent. interest. On final hearing a decree was entered declaring the deed a mortgage security for complainant's own debt from which she could redeem by the payment of the amount shown

to be due at 8 per cent. interest with an attorney's fee of $150 and the costs of the suit, which were taxed against her.

Riddle & Riddle, of Talladega, for appellant.

George A. Sorrell, of Alexander City, for appellee.

SOMERVILLE, J. [1] Section 4497 of the Code provides that "the wife shall not, directly or indirectly, become the surety for the husband." "The statute is founded upon public policy which is to protect the wife's estate as against the influence of her husband or other person, or her own inclination, in respect to subjecting it to her husband's debts." Richardson v. Stephens, 122 Ala. 301, 307, 25 South. 39, 41. It has been liberally construed and zealously applied by the courts for the accomplishment of its obvious design, as our numerous decisions will show. Lamkin v. Lovell, 176 Ala. 334, 58 South. 258; Hanchey v. Powell, 171 Ala. 597, 55 South. 97; Corinth Bk. & Tr. Co. v. King, 182 Ala. 403, 62 South. 704; Staples v. City Bk. & Tr. Co., 194 Ala. 687, 70 South. 115.

Nevertheless it is clearly settled that the wife cannot invoke the protection of the statute in avoidance of her obligation, unless it was given for the security of a debt, either pre-existing or presently created, for the payment of which the husband is liable, or unless it is given to the husband's creditor, or to some intermediary for his benefit, in substitution for an existing debt of the husband's, which is nominally satisfied by the wife's obligation or by its proceeds. Lamkin v. Lovell, supra; Staples v. City Bk. & Tr. Co., supra. In dealing with these transactions, courts look through the form to the substance; but, to be obnoxious to the statute, the substance must, when analyzed, disclose a debt or obligation due from the husband to the person who seeks to enforce the ancillary promise of the wife. If there was no such debt, there can be no occasion for the operation of the statute. In that case, although the loan is made to the wife upon the application of the husband, and the proceeds are intended for his exclusive benefit, and in fact devoted to his exclusive use, the wife's obligation is primary and independent, and does not fall within the inhibition of the statute.

[2] The evidence in this case fails to show that complainant's husband was bound to respondent, either separately or jointly, for the repayment of the loan of $2,000, for which the wife gave her separate and sole obligation to respondent. The burden was on complainant to show that it was her husband's debt, and this burden was not met by showing that he induced her to borrow the money for his benefit. On the contrary, it appears from a letter written by complainant to re-

spondent, after the latter had filed a suit in ejectment to recover the land, that she considered the loan as having been made to her, and regarded the debt as her own.

In this aspect of the case the relief sought was properly denied.

[3] The allegation that a partial payment made on the note by complainant was credited thereon by respondent at a usurious rate of interest does not charge usury in the contract. Jordan v. Lewis, 2 Stew. 426, 428; Ely v. McClung, 4 Port. 128; Van Beil v. Fordney, 79 Ala. 76. There being no issue as to usury, the trial court properly allowed respondent's claim for interest at the legal rate.

[4] On the evidence before it the trial court did not err in allowing an attorney's fee to respondent for collection of the note, and in taxing complainant with the costs of the suit.

There being no error in the record, the decree of the chancery court will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.