(104 So. 663)

## VAN DERSLICE v. MERCHANTS' BANK.
(1 Div. 327.)

(Supreme Court of Alabama. May 28, 1925.)

**1. Jury ⬤⟳92—Relationship of debtor or creditor between juror and party to action does not disqualify juror.**

In absence of statute, that a juror sustains relationship of debtor or creditor to a party to an action does not disqualify juror, unless he is at party's mercy, or has been treated with particular indulgence by him.

**2. Appeal and error ⬤⟳1024(3)—Jury ⬤⟳132 —Bias vel non of juror to be determined by trial court; burden of proof on party challenging juror.**

Bias vel non of juror is question of fact to be determined by trial court, and burden of proof is on party who challenges juror to show bias.

**3. Jury ⬤⟳92—Jurors could not be challenged for bias, because they were depositors in defendant bank.**

Jurors could not be challenged for bias, because they were depositors in defendant bank, where there was no showing that threatened judgment against defendant bank would shake its solvency and thereby threaten safety of their accounts.

**4. Husband and wife ⬤⟳87(3)—Generally, married woman may borrow money and give it to husband directly, or use it to pay his debts.**

Generally, a married woman may borrow money and give it to her husband directly, or use it in payment of his debts, without offending Code 1923, § 8272, forbidding her from becoming his surety.

**5. Husband and wife ⬤⟳87(3)—When wife becomes surety for husband's debt, within statute, stated.**

When wife borrows money from husband's creditor, giving her own obligation therefor, and forthwith pays over money to that creditor in satisfaction of her husband's debt, she indirectly becomes a surety for husband's debt, within Code 1923, § 8272, law presuming an intention to evade statute.

**6. Husband and wife ⬤⟳87(3)—Whether transaction between husband's creditor and wife is a bona fide loan to wife is question of fact; intention of parties at time is controlling factor.**

When wife borrows money from husband's creditor, and borrowed money is returned to him, through the husband or other intermediary, it is question of fact whether transaction is a bona fide independent loan to the wife, or a suretyship for husband's debt, and inten-

tion of parties at time of loan is controlling factor.

**7. Husband and wife ⊙═87(3)—Wife's obligation, as to amount of debt to lender actually paid, held to be one of suretyship, and obligation to that extent was void.**

Where money borrowed nominally by wife, for which she gave her own obligation, was to be immediately applied in part to payment of husband's debt to lender, wife's obligation was one of suretyship, within Code 1923, § 8272, as to amount of such debt actually paid, and her obligation to that extent was thereby rendered void.

**8. Husband and wife ⊙═171(4)—Wife had burden of proving that parties intended that borrowed money should be applied to husband's debt to lender.**

In suit by wife to recover proceeds of securities pledged by her to secure loan, applied to payment of her husband's debts, burden of proof was on her to show that parties intended that borrowed money should be applied to husband's debt to lender.

**9. Husband and wife ⊙═171(4)—Evidence held to show that parties agreed that money, borrowed nominally by wife, was to be applied in part to payment of husband's debt to lender.**

Evidence *held* to show that parties understood and impliedly agreed that money, borrowed nominally by wife, for which she gave her obligation, was to be immediately applied in part to payment of husband's debt to lender.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Alice C. Van Derslice against the Merchants' Bank. Judgment over for defendant and plaintiff appeals. Reversed, rendered, and remanded.

The complaint contains the common counts for money due by account, and money had and received; and a count for the conversion of a mortgage deed, the property of plaintiff, upon which there was due $5,000. The defendant pleaded the general issue, payment, set-off, and recoupment.

The evidence showed the following facts without dispute: Plaintiff's husband, E. P. Van Derslice, was a merchant in Mobile, in 1920 and 1921. His stock of goods inventoried about $15,000, and his indebtedness was about $10,000 in March, 1921, including $3,000 due to the defendant bank. Some of his creditors were pressing him for payment, and he consulted Parham, defendant's cashier, as to the best way to handle the situation and tide over his financial difficulties. After considerable discussion, during which Mrs. Van Derslice was referred to as a possible source of assistance, it was decided that Parham should accompany Van Derslice to his home, and explain the situation and prospects to Mrs. Van Derslice, to see what she might be disposed to do. As the result of this visit, and the conversation between Par-

ham and Mrs. Van Derslice, the latter agreed to borrow $5,000 from the defendant bank, and to give as collateral security a note and mortgage on Chicago real property, on which there was due to her a balance of $5,750, payable in quarterly installments of $250, with 6 per cent. interest. The testimony is in conflict as to who first proposed getting the loan—whether Parham or Mrs. Van Derslice.

The Van Derslices testified that there was no agreement with Parham, prior to the time of making the loan, as to the disposition of the proceeds; but that at the time of making it, it was agreed and understood that the money would be paid to Van Derslice's creditors, including the defendant bank, and that Parham should determine what amount should be paid to each—but there was no agreement that any definite amount should be paid to the bank.

Parham testified:

"I did not, before the loan was made, have any agreement or understanding whatsoever that the money was to be applied to the payment of Van Derslice's debts."

And further:

"Prior to the making of the loan there was no agreement that the Merchants' Bank was to get any part of the money loaned by the * * * bank to Mrs. Van Derslice."

Van Derslice testified:

"The paper which you hand me is one which has a list of creditors. It was made up at the instance of Mrs. Van Derslice, by Mr. Parham and myself. You see, when Mrs. Van Derslice finally decided to hypothecate the mortgage, one of the conditions was that Mr. Parham was to distribute the money, or at least schedule the distribution of that $5,000 among my creditors, and we agreed to meet that evening after the bank had closed. We then met about 6:30 p. m., * * * and we made out this list, and scheduled the distribution of the money on this list."

When questioned about this schedule on his cross-examination, Parham testified:

"This is only one of many I made. That was made immediately afterward (i. e., after the loan). * * * Yes, sir; I figured up what the bank was to get and what Bloch Dry Goods Company was to get, and so on. Nothing had been said about paying the bank anything on the occasion when I went out to Mrs. Van Derslice's home to see what she could do."

On the day of the loan—March 23—the defendant bank entered a credit of $5,000 to the account of Mrs. Van Derslice; and on the same day she drew and delivered a check to her husband for $1,600, on this account, which he on the same day deposited to his store's account. On the same day—March 23—he deposited to his store's credit his note to the bank for $1,500, discounted to $1,462.-01, and took up and discharged his $3,000

---

note to the bank by giving the bank his check drawn on itself for $3,000.

The evidence for plaintiff tended to show that the bank agreed, when the loan was made to plaintiff, to renew the loan from time to time at the request of plaintiff; that such a request was made at the maturity of the first renewal; and that the request was denied, and the collateral sold by the bank, contrary to the agreement to renew.

The trial judge, at defendant's request, instructed the jury as follows:

"(5) The court charges the jury that if they are reasonably satisfied from the evidence that the loan of $5,000 was made by the defendant to the plaintiff as an original business proposition, and that the plaintiff could do with the money so loaned to her as she pleased, without there being any agreement or understanding between the defendant and the plaintiff, or between the defendant and the plaintiff's husband, to the effect that the defendant would receive all or any portion of the money so loaned, directly or indirectly, as a payment of an indebtedness owing to the defendant by the plaintiff's husband, then the loan made by the Merchants' Bank to Mrs. Alice C. Van Derslice would be a valid and enforceable obligation.

"(6) The court charges the jury that a wife may borrow money on her own account, and loan or give such money to her husband, and a note given to evidence such loan will be a valid and enforceable obligation on the part of the wife, unless such loan is obtained from a creditor of the wife's husband with the understanding or agreement of the contracting parties, at the time such loan is made, that the money thus obtained by the wife, or a portion of same, is to be used to pay the indebtedness owing to the lender by the husband of the borrower.

"(7) The court charges the jury that if they are reasonably satisfied from the evidence in this case that the defendant, the Merchants' Bank, agreed to loan the plaintiff $5,000, and they are further reasonably satisfied from the evidence that there was no understanding or agreement between the defendant and the plaintiff, or between the defendant and the husband of the plaintiff, as to the manner in which the plaintiff, Mrs. Van Derslice, should dispose of the proceeds of such loan, and if the jury is further reasonably satisfied from the evidence in this case that it was not the intention of the contracting parties, at the time such loan was agreed upon or made, that the said money, or any portion thereof, was to be used in paying the debts of Mr. Van Derslice, the husband of the plaintiff, and if the jury is further reasonably satisfied from the evidence that the Merchants' Bank sold the collateral pledged to it by Mrs. Alice C. Van Derslice to the best advantage, and for its fair and reasonable value, then you should find a verdict for the Merchants' Bank, the defendant."

"(11) The court charges the jury that if you are reasonably satisfied from the evidence in this case that there was no agreement or understanding between the defendant, the Merchants' Bank, and the plaintiff, or between the Merchants' Bank and the plaintiff's husband, as to the disposition to be made of the proceeds realized by the plaintiff on the $5,000 loan, and the jury is further reasonably satisfied from the evidence that there was an agreement on the part of the Merchants' Bank to renew or extend the note given to the Merchants' Bank by Alice C. Van Derslice, which agreement was not carried out by the bank, then, notwithstanding such agreement, to extend or renew the said note, the court charges you that if the Merchants' Bank sold the Enelow mortgage, which was pledged with it as collateral security at its fair and reasonable value, and gave proper credit to Alice C. Van Derslice for the amount so realized on the sale of such collateral, the Merchants' Bank has the right in this case to set off against the claim of Alice C. Van Derslice for a conversion of her collateral its claim against Alice C. Van Derslice evidenced by the note, which has been offered in evidence, and the Merchants' Bank, under such circumstances, is entitled to a judgment in its favor for any balance owing to it by Alice C. Van Derslice on the said note."

"(13) The court charges the jury that if they are reasonably satisfied from the evidence that the loan of $5,000 was made by the defendant to the plaintiff as an original business proposition, and that the plaintiff could do with the money so loaned to her as she pleased, without there being any agreement or understanding between the defendant and the plaintiff, or between the defendant and the plaintiff's husband, to the effect that the defendant would receive all, or any portion, of the money so loaned, directly or indirectly, as a payment on an indebtedness owing to the defendant by the plaintiff's husband, then the loan made by the Merchants' Bank to Mrs. Alice C. Van Derslice would be a valid and enforceable obligation, and if the jury is further reasonably satisfied from the evidence that there was no agreement on the part of the Merchants' Bank to extend or renew the note given to it by Mrs. Alice C. Van Derslice, and the jury is further reasonably satisfied from the evidence that the Merchants' Bank sold the collateral pledged to it by Mrs. Alice C. Van Derslice to the best advantage, and for its fair and reasonable value, then you should find a verdict for the defendant, the Merchants' Bank."

There was a verdict for defendant for $92.-06, the amount claimed on plaintiff's note, and over and above the amount realized by defendant on the collateral sold by it. Defendant recovered a judgment over for that amount, and plaintiff's motion for a new trial was overruled. Plaintiff appeals.

Smiths, Young, Leigh & Johnston, of Mobile, for appellant.

Where a married woman borrows money from a creditor of her husband, and immediately pays the indebtedness of the husband to such creditor, such facts show an implied understanding between the parties that the money is to be so applied, and is offensive to section 4497 of the Code 1907. Vinegar Bend Lbr. Co. v. Leftwich, 197 Ala. 355, 72 So. 538; Marbury Lbr. Co. v. Woolfolk, 186 Ala. 254, 65 So. 43; People's Bank v. Steinhart, 186 Ala. 205, 65 So. 60; Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; Elkins Nat. Bank v. Henry, 180 Ala. 18, 60 So. 96; Staples v.

City Bank & Trust Co., 194 Ala. 687, 70 So. 115; Third Nat. Bank v. Tierney, 128 Ky. 386, 110 S. W. 293, 18 L. R. A. (N. S.) 81; Field v. Campbell, 164 Ind. 389, 72 N. E. 260, 108 Am. St. Rep. 301; Field v. Noblett, 154 Ind. 360, 56 N. E. 841; Harding v. Eldridge, 186 Mass. 39, 71 N. E. 115; Hannen v. People's Bank, 195 Ky. 58, 241 S. W. 355; First Nat. Bank v. Bertoli, 87 Vt. 297, 89 A. 359, Ann. Cas. 1917B, 590; Webb v. Hancock, 162 Ind. 616, 69 N. E. 1006, 66 L. R. A. 632; Long v. Crosson, 119 Ind. 3, 21 N. E. 450. The verdict of the jury was contrary to the weight of the evidence, and plaintiff was entitled to a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Mutual Life Ins. Co. v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649; Southern R. Co. v. Grady, 192 Ala. 515, 68 So. 346. A depositor in a bank which is a party to a suit is not a competent juror in a suit against the bank. Henry v. Northern Bank, 63 Ala. 527; Southern Hdw. Co. v. Lester, 166 Ala. 86, 52 So. 328; Batson v. Alexander City Bank, 179 Ala. 490, 60 So. 313; Ex parte Cornwell, 144 Ala. 497, 39 So. 354; City of Birmingham v. Lane, 210 Ala. 252, 97 So. 728; W. O. W. v. Alford, 206 Ala. 18, 89 So. 528; Brazelton v. State, 66 Ala. 96; Burdine v. Grand Lodge, 37 Ala. 478; W. O. W. v. Ward, 196 Ala. 328, 71 So. 404; Calhoun v. Watson, 152 Ala. 554, 44 So. 702; L. & N. v. Young, 168 Ala. 551, 53 So. 213; Stennett v. City of Bessemer, 154 Ala. 637, 45 So. 890; Citizens' L. H. & P. Co. v. Lee, 182 Ala. 561, 62 So. 199.

Stevens, McCorvey, McLeod & Goode, of Mobile, for appellee.

A depositor in a bank is a competent juror to try a case to which such bank is a party, unless it is shown that the bank is insolvent. Webb v. Town of Eutaw, 9 Ala. App. 474, 63 So. 687; O'Connor v. Gifford, 117 N. Y. 275, 22 N. E. 1036; Wallace & Wingfield v. Hull, Frierson & Co., 28 Ga. 68; German Sec. Bank v. Columbia F. & Trust Co. (Ky.) 85 S. W. 761; Sherman v. Smith, 185 Iowa, 654, 169 N. W. 216; Rodgers v. Rodgers, 186 App. Div. 77, 174 N. Y. S. 24; Warren v. Robison, 25 Utah, 205, 70 P. 989; Jensen v. Montgomery, 29 Utah 89, 80 P. 504; Rogers v. Ogden Bldg. & Sav. Ass'n, 30 Utah, 188, 83 P. 754. When the pledgee of collateral securities is sued by the pledgor for a conversion of the things put in pledge, the pledgee may recoup the debt of the pledgor to him. Nabring v. Bank of Mobile, 58 Ala. 204; 21 R. C. L. 677; Longstreet v. Phile, 39 N. J. Law, 63. A married woman may borrow money or contract an indebtedness in the ordinary course of business on her own account, and loan or give the money so borrowed by her to her husband, provided that in so doing she does not directly or indirectly become surety for her husband. Hall v. Gordon, 189 Ala. 301, 66 So. 493; Sample v. Guyer, 143 Ala. 613, 42 So. 106; First National Bank v. Moragne,

128 Ala. 157, 30 So. 628; Hollingsworth v. Hill, 116 Ala. 184, 22 So. 460. Where a mortgage or contract of pledge shows on its face that it is made to secure a debt owing by the wife, the presumption is that it speaks the truth, and the burden is upon the wife to prove that it was in fact given merely as surety for her husband. Street v. Alexander City Bank, 203 Ala. 97, 82 So. 111; Hard v. American T. & S. Bank, 200 Ala. 264, 76 So. 30; Bley v. Lewis, 188 Ala. 535, 66 So. 454; Mohr v. Griffin, 137 Ala. 456, 34 So. 378; Gafford v. Speaker, 125 Ala. 498, 27 So. 1003. When the trial judge, who has heard the evidence, refuses to grant a new trial, the appellate court will not reverse the judgment of the lower court, unless it affirmatively appears that the substantial ends of justice require it. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Hatfield v. Riley, 199 Ala. 388, 74 So. 380; L. & N. v. Byrd, 198 Ala. 271, 73 So. 514; Howton v. Mathias, 197 Ala. 457, 73 So. 92; B. R., L. & P. Co. v. Dennison, 163 Ala. 46, 50 So. 316; C. of G. v. Brown, 165 Ala. 493, 51 So. 565; Dye-Washburn Hotel Co. v. Aldridge, 207 Ala. 471, 93 So. 512.

SOMERVILLE, J. The plaintiff executed a promissory note to the defendant for $5,000 for money presently borrowed by her from the defendant, and as security therefor she pledged a note and mortgage on real estate payable to her in the sum of $5,750. The note was once renewed, and, remaining unpaid after the second maturity the defendant sold the pledge for $4,750, having previously collected $500 on the principal sum due.

The plaintiff sues to recover the amount realized by defendant on the collateral note and mortgage, on the theory that the note she gave to defendant was in legal effect a security for her husband's debts, and therefore void under the statute (Code 1923, § 8272).

[1] Several members of the jury panel were challenged by plaintiff for cause—the objection being that they were depositors in the defendant bank. The law on this subject is, we think, correctly stated as follows:

"In the absence of a statute, the fact that a juror sustains the relationship of debtor or creditor to a party to an action does not disqualify the juror to act, unless such juror is at the party's mercy or has been treated with particular indulgence by him. So, the mere fact that a person is a depositor in a bank does not, ipso facto, disqualify him to serve as a juror in cases where the bank is interested, or is the injured party in a criminal prosecution. But, under certain circumstances, his interests might be so affected by the transactions out of which the cause arose as to disqualify him." 35 Corp. Jur. 322, § 337.

Numerous well-considered decisions support this text, and the following are immediately in point. Elliott v. State, 77 Fla.

611, 82 So. 139; Twitchell v. Thompson, 78 Or. 285, 153 P. 45; Thompson v. Douglass, 35 W. Va. 337, 13 S. E. 1015. See, also, Webb v. Town of Eutaw, 9 Ala. App. 474, 476, 63 So. 687, where the reasoning in denial of the disqualification of a trial judge is strongly in point.

[2, 3] From such a relationship alone the law raises no implication of bias. Bias vel non is a question of fact to be determined by the trial court, and the burden of proof is on the party who challenges the juror. If it had been made to appear that the threatened judgment of $6,000 against the defendant bank would have shaken its solvency, and thereby have threatened the safety of the accounts of its depositors, these jurors would have had a material interest in the result of the suit, and would have been fairly subject to the challenge for cause. But no such showing was made. The case of Ex parte Cornwell, 144 Ala. 497, 39 So. 354, strongly relied upon by appellant, is an excellent illustration of bias from actual injury to a bank depositor, as shown by the opinion of Dowdell, J.:

"Here, as a result of the alleged embezzlement for which the petitioner was indicted and to be tried, the bank wherein the judge was a depositor failed, and, unable to pay its depositors, was put into the hands of a receiver for the purpose of winding up its business. By the alleged malconduct of the petitioner, the judge is made to suffer a loss in property—money deposited with the bank—to what extent does not appear, whether the total of his deposit, or only a part, but that is immaterial. Under the facts, we think that the judge had such a personal interest in the subject-matter of the pending prosecutions, such as in the nature of things was calculated to produce in the mind a bias such as would impair, if not prevent, that equipoise which the stern morality of the common law demands in the administration of justice. Our conclusion, therefore, is that the judge was, by reason of interest in the result of the suit, disqualified to try the petitioner, and, unless he certifies his disqualification after being duly informed of our conclusion, the writ will issue as prayed for."

Manifestly, that case is not in point here. We think the challenges in this case were properly disallowed.

[4] As a general proposition, it is well settled by our decisions that a married woman may borrow money and give it to her husband directly, or use it in payment of his debts, without offending the statute, which forbids her from becoming his surety. First Nat. Bank v. Moragne, 128 Ala. 161, 30 So. 628; Mohr v. Griffin, 137 Ala. 456, 467, 34 So. 378; Sample v. Guyer, 143 Ala. 613, 42 So. 106; Hall v. Gordon, 189 Ala. 301, 66 So. 493; Bushard v. McCay, 201 Ala. 173, 77 So. 699.

[5] But it must now be regarded as the settled law in this state, that when the wife borrows money from the husband's creditor, giving her own obligation therefor, and forthwith pays over the money to that creditor in satisfaction of her husband's debt to him, she indirectly becomes a surety for her husband's debt, within the inhibition of the statute. Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; Staples v. City Bank & Tr. Co., 194 Ala. 687, 70 So. 115; Elkins v. Bank of Henry, 180 Ala. 18, 60 So. 96; Vinegar Bend Lbr. Co. v. Leftwich, 197 Ala. 352, 72 So. 538; Street v. Alexander City Bank, 203 Ala. 97, 82 So. 111. A dictum in Hall v. Gordon, supra, repeated in Bushard v. McCay, supra, is apparently not in harmony with the rule as established by these decisions, but the question was not presented in those cases, and they cannot be regarded as authorities contra. In such a case the law presumes an intention to evade the statute by the mere substitution of the wife's obligation for that of the husband—the original debt of the husband remaining in fact unpaid, notwithstanding its change of raiment.

[6, 7] When, however, the wife does not pay over the borrowed money directly to the creditor, but it is returned to him through the husband, or other intermediary, it is a question of fact whether the transaction is a bona fide independent loan to the wife, or in effect a suretyship for the husband's debt; and the intention of the parties, at the time of the loan, is the controlling factor. If there be an agreement or understanding, expressed or implied, that the husband's debt is to be paid with the borrowed money, then to that extent—the amount of the debt to be paid, and actually paid—the wife's obligation is one of suretyship merely, and within the operation of the statute. Staples v. City Bank & Tr. Co., 194 Ala. 687, 691, 70 So. 115; Lester v. Jacobs, 212 Ala. 614, 103 So. 682.

The trial judge instructed the jury that if it was the intention of the parties that any part of this loan of $5,000 was to be applied to the payment of the husband's debt to the bank, the entire obligation of the wife was thereby rendered void, and she would be entitled to recover from the bank all of the proceeds of the collateral note and mortgage pledged by her to the bank, collected by it. This instruction was erroneous as to the amount of the recovery, which should have been limited as pointed out above. However, no exception was taken to this instruction by either party. Otherwise, the instructions to the jury on this issue of fact were correctly framed.

[8, 9] The burden of proof was on the plaintiff to show, to the reasonable satisfaction of the jury, that the parties to the loan intended that a part of the borrowed money should be applied to the husband's debt to the bank. If the issue depended merely upon the affirmation of plaintiff and her husband that it was so intended, on the one side, and of the bank's cashier, Parham, that it was not so intended, on the other, we would not feel justified in disturbing the verdict of the jury.

213 ALA.—16

But a careful consideration of the circumstances of the transaction, and the intimate sequence of related events participated in by the bank through its representative, the cashier, points, we think, with unerring certainty to the conclusion that the parties understood and impliedly agreed that the money borrowed nominally by the wife, was to be immediately applied to the payment of the husband's debts, including his debt to the bank, according to the direction of the cashier, who was to prorate the fund in his sound discretion. Indeed, the action of the cashier in making up the schedule of disbursements immediately after the consummation of the loan, and apportioning $1,500 to the bank, accompanied by the actual payment of that amount by the wife to her husband, and his immediate payment of that amount on his debt due to the bank, furnishes the strongest possible corroboration of the testimony of the Van Derslices, as to the common understanding in that behalf.

We are satisfied that the jury misunderstood the application of the law to the facts of the case, or else that their verdict was the result of erroneous instructions, in effect, that the plaintiff could recover the amount of the sums paid to other creditors of her husband out of the borrowed money, if she could recover at all—this, because of their unwillingness to impose upon the bank the burden, practically, of paying $3,500 of Van Derslice's outside indebtedness, which, in law and in fact, became the proper burden of the wife.

Our conclusion is that the verdict was palpably erroneous, and should have been set aside on the motion of plaintiff; and a judgment will be now rendered accordingly, setting aside the verdict and judgment for defendant, and remanding the cause for another trial.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.