(106 So. 851)

**BELL v. FARMERS' NAT. BANK OF OPELIKA et al.    (5 Div. 929.)**

(Supreme Court of Alabama.    Dec. 3, 1925. Rehearing Denied Jan. 21, 1926.)

**Husband and wife ⬤➜87(4)—Husband's use of money borrowed by wife held not to make her surety.**

Where bank made loan to wife on mortgage, for benefit of husband in financing future business, and fund was deposited in such bank to credit of husband, bank thereupon agreeing to finance husband's business for the season, wife was liable thereon; the wife not being, directly or indirectly, surety for husband in contravention of statute.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

Bill in equity by Helen N. Bell against the Farmers' National Bank of Opelika and others. From a decree denying relief, complainant appeals. Affirmed.

Barnes & Walker, of Opelika, and J. J. Mayfield, of Montgomery, for appellant.

If the money obtained on the mortgage was for the use of appellant's husband, to be deposited with appellee bank as security or margin in a business arrangement between the husband and the bank, and the bank knew it was to be so used, the appellant thereby became by indirection surety for her husband's debt, and the mortgage is void. Code 1923, § 8272; Marbury Lbr. Co. v. Woolfolk, 186 Ala. 254, 65 So. 43; Spencer v. Leland, 178 Ala. 282, 59 So. 593; Lamkin v. Lovell, 176 Ala. 334, 58 So. 258. The fact that the principal debtor does not join in signing the note will not take the case without the rule. Hoffman v. Habighorst, 38 Or. 261, 63 P. 610, 53 L. R. A. 908. Neither the defense of bona fide purchaser for value nor estoppel is applicable against the wife to avoid the effect of the statute. Code 1923, § 8272; Richardson v. Stephens, 122 Ala. 301, 25 So. 39; Corinth Bank & Tr. Co. v. Pride, 201 Ala. 685, 79 So. 255; Price v. Cooper, 123 Ala. 392, 26 So. 238; Evans v. Faircloth-Byrd Mer. Co., 165 Ala. 176, 51 So. 785, 21 Ann. Cas. 1164.

Denson & Denson and T. D. Samford, all of Opelika, for appellees.

The burden of proof rests upon the wife to show that the statute has been violated, and that the debt secured by her obligation is that of her husband. Gibson v. Wallace, 147 Ala. 322, 41 So. 960; Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; Meyrovitz v. Levy, 184 Ala. 293, 63 So. 963; Little v. People's Sav. Bank, 209 Ala. 620, 96 So. 763; Street v. Alexander City Bank, 203 Ala. 97, 82 So. 111; Van Derslice v. Merchants' Bank, 213 Ala. 237, 104 So. 663; Rollings v. Gunter, 211 Ala. 671, 101 So. 446. The contract reciting the individual indebtedness of the wife imports a contract according to its terms. Sample v. Guyer, 143 Ala. 613, 42 So. 106. The burden imposed upon the wife is not met by simply showing that the husband induced the wife to borrow the money for his benefit. Street v. Alexander City Bank, supra. Each case of this character must be decided upon its own peculiar facts. Gibson v. Wallace, supra.

BOULDIN, J. The primary purpose of the bill is to cancel a mortgage upon real estate of the wife, upon the ground that it was given as security for the debt of the husband. The case made by the pleadings and proof is briefly this:

J. S. Bell, the husband, was a cotton buyer in Opelika. In the summer of 1923 he applied to the Farmers' National Bank of Opelika to finance his business during the approaching cotton season. Because of former dealings wherein J. S. Bell had become and was still largely indebted to the bank, his request was refused, unless he would arrange an advance credit or deposit of $5,000 for use in the business. Thereupon it was arranged to obtain a loan of $5,000 from the bank, to be secured by mortgage upon a vacant lot owned by him, and upon the home owned by Helen N. Bell, his wife. Accordingly, the wife signed an application in writing, saying:

"For the purpose of obtaining funds with which to aid my husband, J. S. Bell, in the prosecution of his business, I hereby make application to you for a loan of $5,000, to run for a year. I will execute my note for the amount and offer as security for the loan a mortgage on my home," followed by a description of the property.

At the same time the wife executed her individual note for the loan, with a mortgage on the property reciting that it was to secure her own indebtedness. At the same time she issued her check for $5,000 payable to her husband. Entries were made crediting her with $5,000 loaned, charging her with the check for like amount, and placing the same to the credit of the husband, subject to check. Thereafter the husband checked out the fund at will. The bank financed the husband's cotton business through the season, making further loans upon cotton receipts as collateral. No part of the mortgage debt was paid. No part of the $5,000 loan was applied, nor agreed to be applied, to the existing indebtedness of the husband. Mr. Bell testifies that in the negotiations for the loan he offered to apply any profits made on the season's business to his old debt. This is controverted by Mr. Farley, who represented the bank. This is not an issue material to the merits of this case. Assuming that the hope of getting something on the husband's indebtedness was an inducement to the bank to lend its aid in setting him up in business, this could not affect the loan of $5,000 made to the wife, no part of which was to go to pay on the husband's existing debt.

The record shows no contract, express or implied, by which the husband became bound as the principal debtor to repay the $5,000 loan. There is evidence that the husband promised the wife that he would clean it all up before Christmas; and the letter from the bank to Mr. Roy Nolen indicates that such was the expectation, if the business succeeded. But this was a duty from the husband to the wife, who had thus aided him in the business. The written contract entered into by all the parties negatives any right of the bank to sue the husband for the $5,000 loan. As a part of the transaction, it was stipulated that this was the debt of the wife alone. She alone executed the note therefor. There is no evidence that the writings were merely colorable, and the real transaction was something else. With immaterial variations, the parties agree as to what transpired and what was their real purpose. That purpose was, as expressed in the application, to obtain a loan to the wife, the fund to be turned over to the husband to aid him in financing his cotton business. The case reduces itself to one question of law, namely: Is a loan to the wife for the benefit of the

husband in financing his future business, the fund to be deposited in the lending bank to the credit of the husband, the bank thereupon agreeing to finance the business for the season, in contravention of the statute forbidding the wife to become, directly or indirectly, the surety for the husband?

"In dealing with these transactions, courts look through the form to the substance; but, to be obnoxious to the statute, the substance must, when analyzed, disclose a debt or obligation due from the husband to the person who seeks to enforce the ancillary promise of the. wife. If there was no such debt, there can be no occasion for the operation of the statute. In that case, although the loan is made to the wife upon the application of the husband, and the proceeds are intended for his exclusive benefit, and in fact devoted to his exclusive use, the wife's obligation is primary and independent, and does not fall within the inhibition of the statute." Street v. Alexander City Bank, 203 Ala. 97, 98, 82 So. 111, 112.

See, also, Rollings v. Gunter, 211 Ala. 671, 101 So. 446; Lester v. Jacobs, 212 Ala. 614, 103 So. 682.

"As a general proposition, it is well settled by our decisions that a married woman may borrow money and give it to her husband directly, or use it in payment of his debts, without offending the statute, which forbids her from becoming his surety. First Nat. Bank v. Moragne, 128 Ala. 161, 30 So. 628; Mohr v. Griffin, 137 Ala. 456, 467, 34 So. 378; Sample v. Guyer, 143 Ala. 613, 42 So. 106; Hall v. Gordon, 189 Ala. 301, 66 So. 493; Bushard v. McCay, 201 Ala. 173, 77 So. 699." Van Derslice v. Merchants' Bank, 213 Ala. 237, 104 So. 663, 666.

Appellant relies upon Spencer v. Leland, 178 Ala. 282, 59 So. 593. In that case the husband was contracting to build houses for the owner, who demanded a $500 bond to secure the performance of the building contract. For want of other means, a plan was adopted by which the wife applied to the owner for a loan of $500, the proceeds being at once placed with a depository to be used in the purchase of materials for the buildings; the husband contracting at the same time that he should receive nothing on his contract until this fund was exhausted. The transaction was held to be in effect a guaranty by the wife of the husband's fulfillment of his contract, and the mortgage of the wife was held invalid. Emphasis is laid in the opinion upon the fact that the lender never parted with a beneficial interest in the money. It was loaned by one hand and taken back by the other in materials for his buildings. Neither the wife nor the husband ever had the fund for free use for outside purposes. Says the opinion:

"If the mortgagee had retained no interest in the money lent, the view taken by the court below would have been sound."

In the present case the fund went to the husband for his own free use in the conduct of his own business. The deposit in the lending bank was subject to his check, not in payment of his obligations to the bank, but in the purchase of cotton for his own benefit. The deposit in the bank was in consideration of other favors to be extended in aid of his personal business. The Leland Case is an application of the same principle recently stated in Van Derslice v. Merchants' Bank, 213 Ala. 237, 104 So. 666, thus:

"But it must now be regarded as the settled law in this state that, when the wife borrows money from the husband's creditor, giving her own obligation therefor, and forthwith pays over the money to that creditor in satisfaction of her husband's debt to him, she indirectly becomes a surety for her husband's debt, within the inhibition of the statute. Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; Staples v. City Bank & Tr. Co., 194 Ala. 687, 70 So. 115; Elkins v. Bank of Henry, 180 Ala. 18, 60 So. 96; Vinegar Bend Lbr. Co. v. Leftwich, 197 Ala. 352, 72 So. 538; Street v. Alexander City Bank, 203 Ala. 97, 82 So. 111."

This principle is further illustrated in Lamkin v. Lovell, 176 Ala. 334, 58 So. 258. There, the husband, owing a previous debt and desiring a further advance, made arrangements whereby a loan was made to the wife by a third party, the proceeds going to the creditor, who, under the agreement, refunded the money to the mortgagee, taking an assignment of the wife's mortgage. This was held a merely circuitous route, by which the wife, through one continuous transaction, became surety for her husband.

The distinction between these cases and the case at bar is obvious. This case is governed by the principles stated in Street v. Alexander City Bank, supra.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.