(124 So. 110)

CHITWOOD et al. v. BLACKWOOD et al.

(6 Div. 180.)

Supreme Court of Alabama. Oct. 10, 1929.

Nash & Fendley, of Oneonta, and A. A. Griffith, of Cullman, for appellants.

J. T. Johnson, of Oneonta, for appellees.

FOSTER, J. This is a suit in ejectment under the statute by appellants against appellees. The court gave the affirmative charge for appellees. Appellants claim as heirs at law of Sarah F. Chitwood, deceased. Appellees claim under two mortgages executed by her and her husband, and a foreclosure deed. Plaintiffs filed two affidavits, one under a caption of "plea of non est factum," and the other under a caption of "defendants' plea," alleging that since the execution of the mortgages they had been materially altered. The judgment entry shows that plaintiffs filed plea of non est factum, issue was joined, and a verdict for defendants.

In one instance the original mortgage was offered in evidence. It has been certified to us for inspection. It shows that there has been a change made in the due date, so that it was postponed to a later day. Appellants objected to it for want of proof of its execution in the light of "plaintiffs' plea of non est factum."

The mortgage was not the foundation of the suit under section 7663, nor of a plea under section 7664, but was offered collaterally to sustain the defense. Under those circumstances, pleading in the nature of non est factum has no place. Shrimpton v. Brice & Donahoo, 102 Ala. 656, 15 So. 452; Askew v. Steiner & Lobman, 76 Ala. 218. But when a plea of non est factum is proper, if, by its terms, as here, it limits the issue to an alteration, the burden of proof is on the one who makes such claim to prove it, unless the instrument shows evidence of suspicion in that respect. Ehl v. Watkins Med. Co., 216 Ala. 69, 112 So. 426; Bouldin v. Barclay, 121 Ala. 427, 25 So. 827. It may be noted also that section 7717, Code, does not impose on appellees the burden of accounting for the appearance of a mortgage as respects apparent alterations unless they are such as to cast suspicion on it. The alteration here referred to was not apparently to the advantage of the person offering it, and not suspicious in its nature. Whitewater Lbr. Co. v. Langford, 216 Ala. 510, 113 So. 525. There was no affidavit that the mortgage was a forgery under section 6861, and it was duly acknowledged and recorded.

In another instance, there was objection to a certified copy of a mortgage, because in the certificate of acknowledgment on such copy it appears that there was evidence of an alteration in the middle initial of Mrs. Chitwood. Our judgment is that, under the rule we have stated, the appearance of the instrument and nature of the alleged alteration did not cast upon appellees the burden of explain-

ing it. It showed that the mortgage was formally attested by only one witness though she could not write. The general acknowledgment related to the signature of L. T. Chitwood, and the only acknowledgment by Mrs. Chitwood was the separate one in statutory form. If this was insufficient as an acknowledgment so as to make it self-proving, the signature of the officer, with that of the witness, was a sufficient attestation by two witnesses. Berow v. Brown, 208 Ala. 476, 94 So. 772; Purser v. Smith, 200 Ala. 573, 76 So. 931. Its execution was proven by a competent witness to the effect that the attesting witness and officer who took the acknowledgment were both dead, that Mrs. Chitwood executed in their presence, and that they signed it then and there and in her presence. There was no error in the rulings of the court respecting such documents.

 Appellants also claim that the mortgages were executed as security for the debt of the husband of Mrs. Chitwood, and were therefore void. The only evidence of such claim consisted of a written instrument signed by Mrs. Chitwood, in which she certifies to having received by transfer the notes and mortgages given by L. T. Chitwood to appellees as the consideration of her mortgage to them, and was similar in legal effect to that considered in the case of Mohr v. Griffin, 137 Ala. 456, 34 So. 378. As there shown, such a transaction, when in good faith, does not have the effect of proving that the debt secured was that of the husband. The instruments here in evidence tend to sustain the existence of the mortgage debt as that of the wife, rather than that of the husband. The mortgages purported to secure a joint debt of both husband and wife. The burden was therefore upon the plaintiffs, in order to avoid them, to show that the secured debt was that of the husband, and that she gave them as security for his debt, and that she did not contract it in whole or in part as a principal. Mohr v. Griffin, supra; Davis v. Elba Bank & Trust Co., 216 Ala. 632, 114 So. 211; Stroup v. Internat'l Life Ins. Co., 218 Ala. 382, 118 So. 752.

Plaintiffs did not undertake to make this proof, but relied upon the instrument above referred to as establishing the fact. We agree with the ruling in the circuit court that it did not have such effect. This situation is quite different from that in those cases where it was shown that the wife borrowed the money from her husband's creditor and paid his debt to such creditor. Staples v. City Bank & Trust Co., 194 Ala. 687, 70 So. 115; Vinegar Bend Lbr. Co. v. Leftwich, 197 Ala. 352, 72 So. 538; Van Derslice v. Merchants' Bank, 213 Ala. 237, 104 So. 663.

██ Appellee D. R. Blackwood was permitted to testify in effect that Mrs. Chitwood contracted the mortgage debt. Objections to such evidence were overruled, and assigned for error. It is urged by appellees that this evidence was competent because the estate of deceased is not interested in this suit, but only her heirs, and that section 7721, Code, does not apply. Though this reasoning by appellees is not based upon a proper construction of section 7721 (Loring v. Grummon, 176 Ala. 240, 57 So. 819; Goodlett v. Kelly, 74 Ala. 213; Boykin v. Smith, 65 Ala. 294; Hillens v. Brinsfield, 108 Ala. 605, 18 So. 604), we think that the evidence was not prejudicial to appellants. Appellants not having produced any evidence that the debt was that of the husband, it did not affect the situation from a legal standpoint, or present a different legal result to allow this proof, though improper. The fact was undisputed in the evidence before as well as after that proof was made, and not affected by it, that the mortgage debt was the wife's and not that of the husband. The same reasoning renders the ruling of the court without prejudice, when appellee was allowed to testify that Mrs. Chitwood executed one of the mortgages. It was self-proving, and there was none to the contrary, so that appellees would have been entitled to the affirmative charge without this evidence. There should be no reversal under such circumstances. Reynolds v. Massey, 219 Ala. 265, 122 So. 29; Bienville Water Supply Co. v. City of Mobile, 125 Ala. 178, 27 So. 781.

It appears that there has been litigation between the administrator of Mrs. Chitwood and appellee involving the issues embraced in this appeal, but the record does not show the result of that litigation. Blackwood v. Blount County Bank, Adm'r, 207 Ala. 537, 93 So. 468.

We discover no reason shown by the record why the court should not, as it did, give the affirmative charge for appellee D. R. Blackwood, and if D. R. Blackwood Mercantile Company, of which D. R. Blackwood is president, is not expressly shown to be in possession under D. R. Blackwood, there was no indication on the trial that the parties did not so treat the situation. We do not think the judgment of the circuit court should be held erroneous to reversal for the failure of the record to show this connection, when no point was made in that court on account of it.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.