178 So. 874

### CITIZENS INDUSTRIAL BANK OF DE-CATUR v. HILL.

8 Div. 525.

Court of Appeals of Alabama.

April 13, 1937.

Ben L. Britnell, of Decatur, for appellant.

Julian Harris and Norman W. Harris, both of Decatur, for appellee.

SAMFORD, Judge.

The action was on a promissory note signed by Anne Seay Hill and W. H. Hill and payable to the Citizens Industrial Bank, Inc. The defense interposed by appropriate plea was that the debt was that of W. H. Hill, and that Anne Seay Hill, who was the wife of W. H. Hill, signed said note as surety for her husband.

The cause was tried before the judge sitting without a jury, and upon consideration of the pleading and proof, judgment was entered for the defendant.

Section 8272 of the Code of 1923 provides: "The husband and wife may contract with each other, but all contracts into which they enter are subject to the rules of law as to contracts by and between persons standing in confidential relations; *but the wife shall not, directly or indirectly, become the surety for the husband.*" (Italics supplied.)

This section of the Code is founded upon a sound public policy, which is to protect the wife's estate as against the influence of her husband, or other persons, or her own inclinations in respect to subjecting it to her husband's debt. Street v. Alexander City Bank, 203 Ala. 97, 82 So. 111. And, our courts have always liberally construed and zealously applied the section for the accomplishment of its obvious design. Street v. Alexander City Bank, supra.

The evidence in this case introduced by the defendant tended to support the plea, and that for the plaintiff tended to disprove the plea. The evidence being in conflict, the court, having all of the parties before it, decided in favor of the defendant. Under the law, and the presumptions to be indulged in favor of the finding of the lower court, we would not be justified in holding that the trial court committed error, and for that reason the judgment is affirmed.

Affirmed.